UNITED STATES of America, Plaintiff–Appellee,

v.

James Allen WHITE, Defendant–Appellant.

No. 89–8062
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Sept. 7, 1990.

Thomas S. Morgan, Midland, Tex. (court-appointed), for defendant-appellant.

LeRoy Morgan Jahn, Krista L.S. Leinen-kugel, Asst. U.S. Attys., Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, KING and GARWOOD, Circuit Judges.

PER CURIAM:

Defendant James Allen White ("White") was indicted under 18 U.S.C. § 2113(a) for bank burglary and 18 U.S.C. § 2113(b) for bank larceny. Pursuant to an agreement with the government, he pleaded guilty to bank larceny under 18 U.S.C. § 2113(b) and the government dismissed the burglary count. At the rearraignment hearing, the judge made sure that White understood the following: (1) the maximum possible sentence; (2) that White would be sentenced under the Sentencing Guidelines; (3) that the judge could impose a more or less severe sentence than that called for by the Sentencing Guidelines; (4) that the judge would not be able to determine which guideline applied until after the probation officer filed a presentence report; and (5) that White's plea would still be valid if the sentence imposed was more severe than he expected.

The district court sentenced White to 15 months imprisonment followed by a 3–year period of supervised release. White appeals his sentence and argues: (1) that Sentencing Guideline § 1B1.2 deprives him of his sixth amendment right to the effective assistance of counsel; and (2) that the district court violated Rule 11 of the Federal Rules of Criminal Procedure by failing to inform him that he could be sentenced under the Sentencing Guidelines for a greater offense than the one to which he pleaded guilty. We disagree with both arguments and affirm.

I. Effective Assistance of Counsel.

Although White pleaded guilty to bank larceny, the district court determined White's base offense level by applying Sentencing Guideline § 2B2.2 ("Burglary of Other Structure") rather than § 2B1.1 ("Larceny, Embezzlement, and Other Forms of Theft") which has a lower base offense level. Sentencing Guideline § 1B1.2 provides: "[I]n the case of conviction by plea of guilty or *nolo contendere* containing a stipulation that specifically establishes a more serious offense than the offense of conviction, the court shall apply the guideline in such chapter most applicable to the stipulated offense." White argues that section 1B1.2 deprives him of the effective assistance of counsel because it prevents defense counsel from predicting which specific guideline a judge will apply. He therefore claims that section 1B1.2 renders defense counsel's advice regarding

possible sentences meaningless. We disagree.

The Constitution requires only that the defendant understand the maximum possible prison term and fine for the offense charged. *See Barbee v. Ruth,* 678 F.2d 634, 635 (5th Cir.1982), *cert. denied,* 459 U.S. 867, 103 S.Ct. 149, 74 L.Ed.2d 125 (1982). In *United States v. Rivera,* 898 F.2d 442 (5th Cir.1990), we held that nothing in the Sentencing Guidelines impairs defense counsel's ability to advise a defendant of the maximum possible sentence because the Guidelines do not alter substantive penalties. *See id.* at 447. The Constitution does not require that defense counsel must be able to predict the sentence that a judge will impose. *See id.*

## II. Rule 11.

White argues that the district court violated Rule 11 of the Federal Rules of Criminal Procedure by failing to ascertain that White understood that he could be sentenced under the Guidelines for a greater offense than the one to which he pleaded guilty. Rule 11(c)(1) requires the court to determine that the defendant understands:

> the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, including the effect of any special parole or supervised release term, the fact that the court is required to consider any applicable sentencing guidelines under some circumstances, and, when applicable, that the court may also order the defendant to make restitution to any victim of the offense....

Fed.R.Crim.P. 11(c)(1).

Rule 11 does not require a district judge to "calculate and explain the Guidelines sentence" before accepting a guilty plea. *United States v. Fernandez,* 877 F.2d 1138, 1143 (2d Cir.1989). The facts in this case demonstrate that the district court fully complied with Rule 11.

AFFIRMED.