UNITED STATES of America,
Plaintiff–Appellee,

v.

Gary Lanier WATCH, Defendant–
Appellant.

No. 91–8671.

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1993.

John M. Pinckney, San Antonio, TX (Court-appointed), for defendant-appellant.

Richard L. Durbin, Jr., Asst. U.S. Atty., Ronald F. Ederer, U.S. Atty., San Antonio, TX, for plaintiff-appellee.

Before JONES, DeMOSS, Circuit Judges, and BARBOUR,[1] District Judge.

BARBOUR, District Judge:

Defendant, Gary Watch, appeals his conviction on the ground that the district court violated Rule 11 of the Federal Rules of Criminal Procedure in accepting his guilty plea. Watch also appeals the district court's denial of his motion to suppress evidence and seeks a determination that he has been denied his right to effective assistance of counsel. We agree with Watch's Rule 11 argument, and therefore vacate his conviction so that he may be given an opportunity to replead. We dismiss as premature Watch's claims regarding the denial of his motion to suppress and ineffective assistance of counsel.

I.

By grand jury indictment filed May 9, 1991, Watch and his codefendant were charged with possessing with intent to distribute at least fifty grams of cocaine base, "crack" cocaine, in violation of 21 U.S.C. § 841(a)(1) and with carrying a firearm during the commission of that offense in violation of 18 U.S.C. § 924(c). On June 24, 1991, Watch's trial counsel filed a motion to suppress the evidence which served as the basis for the charges against Watch, and on September 26, 1991, the district court, having conducted a hearing regarding the matter, entered an order denying Watch's motion.

1. Chief Judge of the Southern District of Mississippi, sitting by designation.

Soon thereafter, on September 30, 1991, a superseding information was filed against Watch and his codefendant charging them as follows:

> On or about April 30, 1991, in the Western District of Texas, Defendants, Gary Lanier Watch and Byron Mark Sanderson unlawfully, knowingly, and intentionally did possess cocaine base, also known as "crack" cocaine, a Schedule II Narcotic Drug Controlled Substance, with intent to distribute the same, in violation of Title 21, United States Code, Section 841(a)(1).

No mention of the amount of drugs involved was made in this superseding information. On that same day, Watch entered into a plea agreement wherein he agreed to enter a plea of guilty to the superseding information in exchange for an agreement by the United States Attorney to dismiss the original indictment at sentencing and refrain from prosecuting Watch for other drug and firearm offenses that may have arisen out of the conduct which led to Watch's arrest and indictment.

Pursuant to the plea agreement, Watch was re-arraigned on and entered his plea of guilty to the charge contained in the superseding information. After Watch had entered his guilty plea, the government invited him to provide assistance to law enforcement officers in exchange for which the government would file a motion for a downward departure from the offense level determined under the United States Sentencing Guidelines ("Guidelines"). Watch assisted in the prosecution of two individuals to whom he had been selling "crack" cocaine and the government, in turn, filed a motion for downward departure and presented evidence of the nature and extent of Watch's assistance at Watch's sentencing hearing held on December 6, 1991.

At the sentencing hearing, the district court accepted the Guidelines calculation contained in the presentence report.[2] The district court granted the government's motion for downward departure, thereby reducing the total offense level from 32 to 28.[3] The district court then sentenced Watch to a term of imprisonment of 120 months with five years supervised release and imposed a fine of $5,000 with a mandatory $50 assessment.

Pursuant to 28 U.S.C. § 1291, Watch invokes the jurisdiction of this Court and argues that because the district court did not adequately advise him regarding the consequences of his guilty plea, a core concern of Rule 11 of the Federal Rules of Criminal Procedure was not satisfied and his conviction should therefore be vacated. Watch also appeals the denial by the district court of his motion to suppress and claims that he was not afforded effective assistance of counsel.

## II.

### A.

■ Watch argues that his conviction must be vacated because the district court violated Rule 11(c)(1) by accepting his plea without first properly informing him as to the mandatory minimum penalty provided by law for the offense with which he was charged. Fed.R.Crim.P. 11(c)(1). Rule 11 provides in pertinent part as follows:

> Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform the defendant of, and determine that the defendant understands, the following: ... the mandatory minimum penalty provided by law, if any, and the maximum penalty provided by law....

Fed.R.Crim.P. 11(c)(1).

At the plea hearing, after a series of questions from Watch concerning the sentence

---

2. The presentence report calculated the applicable Guidelines range as follows: Watch was determined to have possessed 71.6 grams of crack cocaine, thus establishing a Base Offense Level of 32; this level was increased by two due to Watch's possession of a firearm during the offense; this level was then reduced by two for Watch's acceptance of responsibility (resulting in a Total Offense Level of 32); Watch's seven crim-

inal history points established a Criminal History Category of IV. The imprisonment range provided for an Offense Level of 32 with a Criminal History Category of IV is 168 to 210 months.

3. The sentencing range provided for an Offense Level of 28 with a Criminal History Category of IV is 110 to 137 months.

applicable to the charge contained in the superseding information and the potential effects the presentence report might have on that sentence, the following colloquy took place:

THE COURT: Well, if I understand correctly,—and these attorneys can correct me if I—if I'm wrong—the allegation in the Indictment was that you possessed with intent to distribute or in some manner trafficked in—in more than 50 kilograms [sic]. And if that's the case, then the minimum possible punishment is ten years—is it 10 to 40, Mr. Johnston [prosecutor], or—

MR. JOHNSTON: Your Honor, the way it was originally drafted they were looking at a minimum of ten and up to life and it could have actually been enhanced with a prior conviction of 20 years to life, we understand. And rather than expose them to that, the nature of the plea agreement is, then, it dropped it back down to where it's zero and a statutory maximum of 20.

. . . .

THE COURT: All right. Mr. Watch, I don't know if that answers your question or not. Does it?

DEFENDANT WATCH: Pretty much so.

THE COURT: Well, I don't want you to be pretty much satisfied that you understand, I want you to be completely satisfied that you understand.

(Hushed conversation between Defendant Watch and Counsel for Defendant Watch).

DEFENDANT WATCH: Yes, I understand.

Supp. Record on Appeal, vol. III, at 18–19. The district court then found, inter alia, that Watch fully understood the "charge and penalties" and accepted Watch's guilty plea. Supp. Record on Appeal, vol. III, at 20–21.

21 U.S.C. § 841(b)(1)(A) provides that violations of § 841(a) involving fifty grams or more of cocaine base are punishable by a term of imprisonment which may not be less than ten years or more than life. Section 841(b)(1)(C) provides that violations of § 841(a) involving less than five grams of cocaine base are punishable by a term of imprisonment of up to twenty years. It is clear from the record, and the government concedes, that in entering into the plea agreement with Watch and filing the superseding information, the parties were attempting to avoid the application of the statutory minimum sentence provided for in 21 U.S.C. § 841(b)(1)(A) and instead have the district court apply as a "default" the less severe § 841(b)(1)(C). The most glaring indications of this attempt are: (1) the fact that the superseding information did not allege the quantity of cocaine base involved in the offense although the indictment originally entered against Watch alleged that he had possessed at least fifty grams of cocaine base; and (2) the contention of Assistant United States Attorney Johnston at the plea hearing that under the superseding information Watch was subject only to the penalty range prescribed in § 841(b)(1)(C). As a result of this agreement between the parties and the acquiescence of the district judge to the representations of Johnston, Watch was advised at the plea hearing that in pleading guilty to the superseding information he could be sentenced to a term of imprisonment of between zero and twenty years. He was not advised that he would be subject to a mandatory minimum of ten years if the amount of cocaine base involved was found at sentencing to exceed fifty grams.

In determining whether the district court correctly informed Watch of the penalty range he faced under § 841(b), this Court is presented with the question of how, in Guidelines cases, the absence from an indictment or information of an allegation of a specific quantity of drugs affects the application of the quantity-based minimum sentences provided for in § 841(b). It is well established in this circuit that quantity is not an element of the offenses proscribed by § 841(a) and is relevant only at sentencing under § 841(b).[4]

---

**4.** While it is not necessary to allege a specific quantity of drugs prior to sentencing, in *United States v. Anderson*, 987 F.2d 251, 257 (5th Cir. 1993), we found that due process requires that a defendant receive adequate notice of the possibility that his sentence will be based on quantity. At the plea hearing, the district court did allude to the application of the Guidelines to this case, but the record is unclear regarding Watch's understanding of what effect the absence of a speci-

*See United States v. Anderson,* 987 F.2d 251 (5th Cir.1993); *United States v. Royal,* 972 F.2d 643 (5th Cir.1992); *United States v. Morgan,* 835 F.2d 79 (5th Cir.1987). Consequently, quantity need not be finally determined until the sentencing hearing when the district judge, applying a preponderance of the evidence standard, determines the quantity of drugs involved in the offense and applies the Guidelines accordingly.

An examination of the Guidelines makes clear that the statutory minimum terms of imprisonment found in § 841(b) are incorporated therein. In this case, for example, the district court determined that 71.6 grams of cocaine base were involved in the offense to which Watch pleaded guilty. The Drug Quantity Table found in the Guidelines provides that offenses involving at least 50 grams but less than 150 grams of cocaine base receive a base offense level of 32. United States Sentencing Commission, *Guidelines Manual,* § 2D1.1(c)(6) (Nov.1992) [hereinafter U.S.S.G.]. Under the Guidelines Sentencing Table, the minimum term of imprisonment for an offense level of 32 is 121 months. As set forth previously, § 841(b) provides that an offense under § 841(a) involving fifty grams or more of cocaine base is punishable by at least ten years imprisonment (120 months). Section 841(b)(1)(B) provides that offenses involving five grams or more of cocaine base are punishable by at least five years (60 months) imprisonment. Under the Guidelines, the minimum term of imprisonment for an offense involving five grams of cocaine base is 63 months. U.S.S.G. § 2D1.1(c)(9) and Sentencing Table.

■ The intention of the United States Sentencing Commission to wholly incorporate statutory minimum penalties into the Guidelines is further evidenced by the inclusion by the Commission of the following language reconciling the penalties provided by statute with those set forth in the Guidelines:

*Sentencing on a Single Count of Conviction*

(a) Where the statutorily authorized maximum sentence is less than the minimum of the applicable guideline range, the statutorily authorized maximum sentence shall be the guideline sentence.

(b) Where the statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence.

(c) In any other case, the sentence may be imposed at any point within the applicable guideline range, provided that the sentence—

(1) is not greater than the statutorily authorized maximum sentence, and

(2) is not less than any statutorily required minimum sentence.

U.S.S.G. § 5G1.1. Because statutory minimum sentences are incorporated in the quantity-based Guidelines, the government is prevented from avoiding application of the statutory minimum sentences prescribed in §§ 841(b)(1)(A) and (B) by simply failing to include a quantity allegation in an indictment or information in hopes of having the less severe penalty range of § 841(b)(1)(C) applied by default. The failure to include a quantity allegation in an indictment or information has no effect whatsoever on the determination of the appropriate sentence under the Guidelines.

In view of the foregoing, it is clear that the district court, through acquiescence to the statements of Assistant United States Attorney Johnston, incorrectly informed Watch that he was subject only to a term of imprisonment between "zero and a statutory maximum of 20 [years]." Supp. Record on Appeal, vol. III, at 19. At the time of Watch's guilty plea, he was not guaranteed application of the sentence range provided for in § 841(b)(1)(C), as represented by the government and accepted by the district court, because the quantity of drugs involved in the

fied quantity of drugs in the superseding information had on the use of quantity in determining his sentence. While it appears that Watch may have received inadequate notice of the possibility that his sentence would be based on quantity

such that he could prepare to contest the government's evidence regarding quantity, neither Watch nor the government address this issue on appeal.

offense had yet to be determined. While the district court was not required to calculate and explain the applicable sentence under the Guidelines before accepting Watch's guilty plea, *see United States v. White*, 912 F.2d 754, 756 (5th Cir.1990), *cert. denied*, 498 U.S. 989, 111 S.Ct. 529, 112 L.Ed.2d 540 (1990), we find that the district court was required to inform Watch of any possible statutorily required minimum sentences he *might* face as a result of application of the quantity-based Guidelines. Watch was well aware that the indictment originally entered against him alleged that he possessed at least fifty grams of cocaine base. The plea colloquy cited herein indicates that Watch was informed, and apparently believed, that because the government failed to allege a specific quantity, he was subject only to a penalty range which included no minimum term of imprisonment. Because the district court did not inform Watch that, depending on the outcome of the pending quantity determination, he might be subject to certain statutorily required minimum sentences, the district court failed to satisfy the requirements of Rule 11(c)(1) of the Federal Rules of Criminal Procedure and therefore clearly erred when it found that Watch was fully advised of the consequences of his plea.[5]

■ We recently addressed the issue of Rule 11 violations in *United States v. Johnson*, 1 F.3d 296 (5th Cir.1993) (en banc). In that case, we concluded that section (h) of Rule 11 of the Federal Rules of Criminal Procedure, which was added to that Rule with the 1983 amendments, prescribed that a harmless error analysis be applied to all situations implicating Rule 11. Rule 11(h) provides that "[a]ny variance from the procedures required by this rule which does not affect substantial rights shall be disregard-

ed." Fed.R.Crim.P. 11(h). In doing so, we overruled our prior approach of applying the harmless error analysis only when the failure to comply with one or more of the three "core concerns"[6] of Rule 11 was merely a partial failure. *See Bachynsky*, 934 F.2d at 1354 (holding that when a district court addresses a core concern inadequately, the plea colloquy should be reviewed under the harmless error standard). Until the *Johnson* decision, this Court required automatic reversal and vacatur when a district court completely failed to address one or more of the "core concerns" of Rule 11. *See United States v. Martirosian*, 967 F.2d 1036, 1039 (5th Cir. 1992) (holding that "the failure to advise Martirosian of the minimum mandatory sentence was a complete failure to address a Rule 11 core concern, mandating that the plea be set aside"); *overruled by United States v. Johnson*, 1 F.3d 296 (5th Cir.1993) (en banc).

■ The holding of *Johnson* makes clear the analysis which should now be applied when a trial court fails to address or only partially addresses one or more of the "core concerns" of Rule 11.

Henceforth, no failure in the plea colloquy—regardless of whether it might be one of omission or commission, total or partial, core or non-core—will mandate an automatic reversal of a conviction and vacatur of a sentence. Rather, reversal and vacatur will be required when—but only when—the challenged "variance from the procedures required by [Rule 11] ... affect[s] substantial rights" of the defendant. In other words, when an appellant claims that a district court has failed to comply with Rule 11, we shall conduct a straightforward, two-question "harmless error"

---

5. On appeal, Watch argues only that the district court erred in not informing him of the applicability of statutorily required *minimum* sentences for the charges against him. While the district court also failed to accurately inform Watch of the applicability of statutory maximum sentences other than the twenty year maximum contained in § 841(b)(1)(C), that error has not been raised on appeal.

6. These core concerns are: (1) whether the guilty plea was coerced; (2) whether the defendant understands the nature of the charges; and (3)

whether the defendant understands the consequences of his plea. *See United States v. Bachynsky*, 934 F.2d 1349, 1354 (5th Cir.) (en banc), *cert. denied*, —— U.S. ——, 112 S.Ct. 402, 116 L.Ed.2d 351 (1991), *overruled by United States v. Johnson*, 1 F.3d 296 (5th Cir.1993) (en banc); *United States v. Bernal*, 861 F.2d 434, 436 (5th Cir.1988), *cert. denied*, 493 U.S. 872, 110 S.Ct. 203, 107 L.Ed.2d 156 (1989); *United States v. Dayton*, 604 F.2d 931, 939 (5th Cir.1979) (en banc), *cert. denied*, 445 U.S. 904, 100 S.Ct. 1080, 63 L.Ed.2d 320 (1980).

analysis: (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant? *Johnson*, 1 F.3d at 298 (quoting Fed. R.Crim.P. 11(h)). Applying the standard set forth above, we conclude that the district court clearly erred when it failed to advise the Defendant that he might be subject to certain statutorily required minimum sentences, and that such error misled Watch as to the statutory minimum term of imprisonment to which he subjected himself by pleading guilty and thereby amounted to a complete failure to address the plea-consequences concern of Rule 11. Furthermore, we find that because the district court failed to inform Watch of the minimum sentence which might be imposed, Watch did not fully understand the consequences of his plea, and his rights were therefore substantially affected. Consequently, Watch's conviction must be vacated, and his case remanded so that he may plead anew. *See United States v. Scott*, 987 F.2d 261, 266 (5th Cir.1993) (vacating and remanding to allow defendant to replead).

The practical consequence of this determination is that a prudent district judge hearing a plea from a defendant charged under an indictment or information alleging a § 841(a) violation but containing no quantity allegation may simply walk a defendant through the statutory minimum sentences prescribed in § 841(b) explaining that a mandatory minimum may be applicable and that the sentence will be based on the quantity of drugs found to have been involved in the offense with which the defendant is charged.

### B.

In his second ground of error, Watch challenges the order of the district court denying his motion to suppress evidence seized during a search of his car. Having found that Watch's conviction should be vacated, the order of the district court denying Watch's motion lacks the requisite finality for consideration by this Court under 28 U.S.C. § 1291. Accordingly, Watch's appeal of the order of the district court is dismissed for want of jurisdiction.

### C.

As his final ground of error, Watch argues that he has been denied his right to effective assistance of counsel guaranteed by the Sixth and Fourteenth Amendments and that as a result thereof his conviction should be vacated. Because we have found that the failure of the district court to satisfy the core concerns of Rule 11 of the Federal Rules of Criminal Procedure was not harmless error and warrants a ruling that Watch's conviction be vacated, Watch's ineffective assistance of counsel claim is rendered moot. Moreover, we find that the record in this case is insufficient to overcome the general rule that a claim of ineffective assistance of counsel cannot be resolved on direct appeal unless it has first been raised before the district court. *See United States v. Bounds*, 943 F.2d 541, 544 (5th Cir.1991); *United States v. Higdon*, 832 F.2d 312, 313–14 (5th Cir.1987), *cert. denied*, 484 U.S. 1075, 108 S.Ct. 1051, 98 L.Ed.2d 1013 (1988); *United States v. McClure*, 786 F.2d 1286, 1291 (5th Cir.1986); *United States v. Freeze*, 707 F.2d 132, 138–39 (5th Cir.1983). Accordingly, we decline to address the merits of Watch's ineffective assistance claim and dismiss this portion of the appeal without prejudice.

### III.

For the foregoing reasons, we VACATE Watch's conviction and remand to the district court so that Watch may have an opportunity to replead.