IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-20853
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CALVIN RAY ADAMS,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-421 (H-94-CR-282-4)
- - - - - - - - - -

June 7, 1999

Before HIGGINBOTHAM, JONES, and DENNIS, Circuit Judges.

PER CURIAM:*

    Calvin Ray Adams, federal prisoner # 66583-079, seeks a certificate of appealability (COA) to appeal the denial of his 28 U.S.C. § 2255 motion. Adams argues that he has been sentenced to an illegal term of imprisonment. He contends that the amount of drugs for which he was held accountable falls far short of the threshold amount for applying 21 U.S.C. § 841(b)(1)(A). He contends that the PSR showed that he was accountable for only three transactions involving 1.24 grams of crack cocaine. He

_____

    * Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argues that the district court erred in sentencing him to the statutory minimum of 120 months' imprisonment because the amount required to invoke that provision is 50 grams. He contends that there is no statutory minimum sentence for 1.24 grams of cocaine base. Adams argues that his counsel was ineffective for failing to object to the improper application of this statutory provision and for failing to raise this issue on direct appeal. He contends that counsel's error prejudiced him because it directly caused him to be sentenced to an illegal sentence. He asks that his sentence be vacated and corrected to the applicable term of imprisonment for 1.24 grams of cocaine base.

Adams pleaded guilty to conspiracy under 21 U.S.C. § 846. The penalties are set forth in 21 U.S.C. § 841(b) and are determined by the quantity of drugs involved. § 846; United States v. Ruiz, 43 F.3d 985, 988 (5th Cir. 1995). Section 841(b)(1)(A) provides that violations involving 50 grams or more of cocaine base are punishable by a term of imprisonment of not less than 10 years or more than life. § 841(b)(1)(A)(iii); United States v. Watch, 7 F.3d 422, 426 (5th Cir. 1993). For offenses involving five grams or more of cocaine base, the penalty is not less than five years nor more than 40 years. § 841(b)(1)(B)(iii). For violations involving less than five grams of cocaine base, there is no minimum term of imprisonment and the maximum is 20 years. § 841(b)(1)(C); Watch, 7 F.3d at 426. The quantity of drugs is not an element of the offense and is relevant only for sentencing purposes. Watch, 7 F.3d at 426-27.

The plea agreement did not mention the amount of cocaine base alleged to be involved in the conspiracy to which Adams pleaded guilty. At the rearraignment, the district court informed Adams that his penalty range was a term of imprisonment from 10 years to life. Again, no mention was made of the amount of cocaine allegedly involved. During the discussion of the factual basis for the plea, the facts pertaining specifically to Adams showed that he was a fairly heavy user of crack cocaine. Adams had earlier admitted that he was involved with sales to informants on at least two occasions, but he stated that he never bought that much because he did not have that much money to buy it. He stated that he was a heavy user and that he bought it because he was a user.

The PSR contained 184 paragraphs describing the offense conduct in this conspiracy. Adams' involvement was contained in only three paragraphs. Adams distributed .46 grams of crack cocaine on June 24, 1994; .43 grams on June 27, 1994; and .35 grams on June 30, 1994. The probation officer determined that Adams should be held accountable for a total of 1.24 grams of crack cocaine, giving Adams a base offense level of 18. The probation officer calculated a guideline range of 30-37 months. However, the probation officer determined that pursuant to U.S.S.G. § 5G1.1(b), the guideline sentence was 120 months.

The probation officer determined that the statutory minimum for 50 grams of crack cocaine provided for in § 841(b)(1)(A)(iii) applied to supersede the guideline range of 30-37 months, without stating any reasons in the PSR, and without determining that

Adams was accountable based on relevant conduct for any amount of crack beyond the 1.24 grams stated in the PSR. Adams' counsel did not object to this determination, either in writing or at the sentencing hearing. The district court sentenced Adams to 120 months' imprisonment.

The quantity of drugs involved in a conspiracy offense is a fact to be found by the sentencing court from a preponderance of the evidence. Ruiz, 43 F.3d at 989. The district court may rely upon information presented in the PSR. Id. In Ruiz, the defendant, in a direct appeal, made the same argument that Adams now makes. The PSR "directly linked" the defendant to only .632 grams of heroin, but she was sentenced according to the statutory minimum of § 841(b)(1)(A). Id. The defendant's attorney made no objection in the district court. We held that it was not plain error because the PSR contained other facts which provided the district court with a sufficient basis for concluding that the defendant's offense involved the requisite amount of heroin. Id.

In the district court, the Government pointed to no other information in the PSR which could provide a basis for holding Adams accountable for more than the 1.24 grams used by the probation officer. The Government conceded error. Our review of the PSR, the rearraignment transcript, and the sentencing transcript reveals no factual basis for holding Adams accountable for more than 1.24 grams of cocaine base. Adams' counsel erred in failing to object to the application of the statutory minimum of 120 months. This error was prejudicial because Adams'

sentence would have been significantly less harsh. <u>Spriggs</u>, 993 F.2d at 88.

Adams has made a substantial showing of the denial of a constitutional right and he is entitled to § 2255 relief. 28 U.S.C. § 2253(C)(2). We therefore GRANT a COA, VACATE Adams' sentence, and REMAND this case for resentencing consistent with this opinion.

GRANT COA, VACATE SENTENCE, REMAND FOR RESENTENCING.