IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50959
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

CLAY OWEN BERGMAN,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. SA-97-CR-281-ALL-EP
- - - - - - - - - -

August 25, 1999

Before JONES, BARKSDALE, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Clay Owen Bergman appeals from his conviction and resultant

sentence for the manufacture of marijuana.  He argues that the

evidence was insufficient to support his conviction for

manufacturing in excess of 100 marijuana plants, that the

district court erred in the amount of drugs it attributed to him

for sentencing purposes, and that the court's Allen charge was

deficient.  We have reviewed the record and find no reversible

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

error.  Drug quantities are not an element of a § 841(a) offense;

drug quantities are relevant only at sentencing.  See United States v. Watch, 7 F.3d 422, 426-27 (5th Cir. 1993).  The evidence was sufficient to support Bergman's conviction for manufacturing marijuana.  See United States v. Martinez, 975 F.2d 159, 160-61 (5th Cir. 1992).  Further, the district court's determination that Bergman should be held responsible for 510 marijuana plants was not clearly erroneous.  See United States v. Maseratti, 1 F.3d 330, 340 (5th Cir. 1993).  Finally, the court's Allen charge was not deficient.  See United States v. Winters, 105 F.3d 200, 203-04 (5th Cir. (1997).  Accordingly, the judgment of the district court is AFFIRMED.

AFFIRMED.