IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40826
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MANUEL CASTANEDA-LEAL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-99-CR-35-1

_____

February 18, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender for the Southern District of Texas has moved for leave to withdraw as court-appointed counsel for Juan Manuel Castaneda-Leal and filed the brief required by *Anders v. California*, 386 U.S. 738, 744 (1967). Castaneda has filed a brief in response opposing the motion.

Castaneda pleaded guilty to one count of being present in the United States subsequent to deportation, in violation of 8 U.S.C. § 1326(a) and (b). He was deported in 1994 after serving 27 months' imprisonment for possession with intent to distribute

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

marijuana. For his unauthorized return he was sentenced to 41 months' imprisonment to be followed by 3 years' supervised release and a mandatory $100 special assessment. His sentence was the minimum under the applicable guidelines.

Castaneda argues that he should receive a downward departure from the Sentencing Guidelines because as an alien he is denied more lenient conditions of confinement and participation in programs that could reduce the length of his confinement. He also argues that his sentence is disproportionately severe compared to those of persons who, in his view, committed crimes more serious than his. He did not move the district court for downward departure on these grounds.[1] Since the grounds for downward departure he now asserts were not preserved for appeal, we review them for plain error. *See United States v. Spires*, 79 F.3d 464, 465 (5th Cir. 1996).

There is no error. Castaneda's general dissatisfaction with his sentencing range provides no ground for review. *See* 1998 U.S.S.G. § 5K2.0, Commentary. Had the district court denied a downward departure because of the potential effects of Castaneda's alienage on his sentence, we would be without jurisdiction to review the court's discretionary decision unless that decision was in violation of the law. *See United States v. Mitchell*, 964 F.2d 454, 462 (5th Cir. 1992). There was no error in the district court's failure to depart downward on the basis of the impact

---

[1] At his sentencing hearing, Castaneda moved for downward departure on the ground that he entered the United States to help his family and his imprisonment would adversely affect them.

Castaneda's alienage has on the length and conditions of his imprisonment.[2]

To determine that the district court complied with Fed. R. Crim. P. 11 in accepting a defendant's guilty plea, we consider whether the court varied from the procedures required by Rule 11 and if any variance affected the defendant's substantial rights. *See United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993)(en banc). We review deviations from the procedural requirements of Rule 11 under a harmless error analysis. *See United States v. Watch*, 7 F.3d 422, 428-29 (5th Cir. 1993). Error is harmless if it could not "reasonably be viewed as having been a material factor affecting [the defendant's] decision to plead guilty." *Id.*

Our review of the record discloses the following. First, the court did not explain that it could depart above or below the guidelines. There is no evidence that this failure affected Castaneda's decision to plead guilty. Castaneda moved the court to depart downward at the sentencing hearing, so he was aware that the

---

[2]If a basis for departure is not mentioned in the Guidelines, a sentencing court may employ that factor in an unusual case, in light of the structure and theory of the Guidelines and the Guidelines' admonition that such departures will be "'highly infrequent.'" *Koon v. United States*, 116 S. Ct. 2035, 2045 (1996)(quoting 1995 U.S.S.G. ch. 1, pt. A, at 6). The effect of alienage of the length or conditions of confinement is not a factor mentioned in the Sentencing Guidelines, so it may be considered as a ground for departure by a sentencing court. Before *Koon*, we held that "[c]ollateral consequences, such as the likelihood of deportation or ineligibility for more lenient conditions of imprisonment, that an alien may incur following a federal conviction are not a basis for downward departure." *See United States v. Nnanna*, 7 F.3d 420, 422 (5th Cir. 1993). Although we may consider that factor under *Koon*, Castaneda has pointed to nothing atypical about his case, much less anything that made the district court's refusal to depart a violation of the law.

court could depart from the guidelines. The court did not depart upward, and neither the presentencing report nor the prosecution recommended upward departure. This error was harmless.

Second, the court did not ask Castaneda whether he had reviewed the presentencing report with his attorney. Castaneda expressly declined to object to the presentencing report, and his counsel told the court Castaneda was dissatisfied with the punishment range. These facts show that Castaneda was familiar with the contents of the report and had discussed them with his attorney. Further, Castaneda received the minimum punishment under the applicable guidelines. There is no evidence that anything in the presentencing report would have changed his decision to plead guilty even if he had not seen the report. This error too was harmless.

Third, the court did not explain the potential length of his sentence if his supervised release were revoked. A failure to explain the effects of supervised release is harmless error when the potential length of the defendant's actual sentence is less than the statutory maximum, and the court told the defendant the statutory maximum. *See United States v. Hekimain*, 975 F.2d 1098, 1102 (5th Cir. 1992). The court informed Castaneda that the statutory maximum was 20 years' imprisonment, which far exceeds his possible confinement if his supervised release were revoked. The court's error was harmless.

Finally, there were 8 defendants present at the hearing during which the court sentenced Castaneda. The transcript shows only 7

4

responses to some of the court's questions to the defendants, and the persons giving the responses are not identified by name. It is conceivable that Castaneda did not respond to the court's questions. However, after each of these questions, the court stated that all of the defendants answered the question. Castaneda was represented by counsel at the hearing, and his counsel informed the court that he was satisfied the court had complied with Rule 11. We are persuaded by the transcript that the district court substantially complied with Rule 11 and that Castaneda's guilty plea was informed and voluntary.

Our independent review of the briefs and record discloses no nonfrivolous issue for appeal. Accordingly, the motion to withdraw is GRANTED and the APPEAL IS DISMISSED.

MOTION TO WITHDRAW GRANTED; APPEAL DISMISSED.