IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-20421
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARC T. HOWARD,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. H-98-CR-160-1

_____

June 1, 2000

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Marc T. Howard appeals his jury trial conviction and sentence for possession with the intent to distribute cocaine. See 21 U.S.C. § 841(a), (b)(1)(A)(ii)(II).

Howard argues that counsel rendered ineffective assistance at the rearraignment, when Howard entered his guilty plea, based on counsel's failure to inform him of the increased penalties he faced due to his prior felony drug conviction and the government's intent

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to seek an enhanced sentence through its 21 U.S.C. § 851 filing. Howard asserts that he understood through counsel that he was facing no more than eight years' imprisonment. The district court's grant of Howard's motion to withdraw his guilty plea mooted any issue arising from counsel's assistance at the guilty plea hearing. See United States v. Watch, 7 F.3d 422, 429 (5th Cir. 1993).

Howard argues that his rights to due process under the Fifth and Fourteenth Amendments were violated by the court's vacation of its order denying Howard's motion to withdraw his guilty plea and setting the cause for trial, which resulted in a more onerous sentence than what Howard was lead to believe at rearraignment when he entered his guilty plea. Howard has not demonstrated error, plain or otherwise. See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).

Howard argues that the district court erred in denying his motion to suppress the cocaine seized from the luggage of his codefendant. Howard's motion did not seek the suppression of any physical evidence. He sought suppression of his verbal statements. In the district court, he expressly conceded his lack of standing to challenge the seizure of the cocaine. Consequently, Howard waived the Fourth Amendment issue. See United States v. Olano, 507

2

U.S. 725, 733 (1993); <u>United States v. Chavez-Valencia</u>, 116 F.3d 127, 129 (5th Cir. 1997).

A F F I R M E D.