IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-11142
Summary Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

JAMES SLAUGHTER, also known as James Bernard Salone,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:99-CR-10-1-C
--------------------
August 10, 2000

Before DAVIS, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

James Slaughter appeals his jury convictions and the sentences imposed for conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. § 842; distribution and possession of cocaine base within 1,000 feet of a playground in violation of 21 U.S.C. §§ 841(a)(1) and 860(a) and 18 U.S.C. § 2; and two counts of distribution of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B), (b)(1)(C), and 18 U.S.C. § 2.  Slaughter argues that the court reporter's failure to transcribe the jury instructions violates

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Court Reporter Act, 28 U.S.C. § 753(b), and requires reversal of Slaughter's convictions. The written jury instructions are included in the appellate records. Circuit Judge Carl E. Stewart granted the Government's motion to supplement the record with affidavits of the trial attorneys and the court reporter, stating that the trial court read the jury instructions as written without any deviations. Because the written instructions are part of the record and because the above affidavits establish that the trial court read the instructions as written without any deviation, the court reporter's failure to transcribe the jury instructions does not require the reversal of Slaughter's convictions. See United States v. Pace, 10 F.3d 1106, 1125 (5th Cir. 1993).

Slaughter argues that the trial court erred in failing to instruct the jury on the theory of multiple conspiracies. Because Slaughter did not object to the district court's failure to instruction the jury on this theory, review is limited to plain error. United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc). Under Fed. R. Crim. P. 52(b), this court may correct forfeited errors only when the appellant shows the following factors: (1) there is an error, (2) that is clear or obvious, and (3) that affects his substantial rights. Calverley, 37 F.3d at 162-64 (citing United States v. Olano, 507 U.S. 725, 730-36 (1993)). If these factors are established, the decision to correct the forfeited error is within the sound discretion of the court, and the court will not exercise that discretion unless the error seriously affects the fairness,

integrity, or public reputation of judicial proceedings.  Olano,
507 U.S. at 736.  Slaughter does not argue that the evidence at
trial showed that he was involved only in a separate uncharged
conspiracy and not in the overall conspiracy charged in count one
of the indictment; he does not dispute that the evidence
presented at trial established his participation in the overall
conspiracy in count one.  Under such circumstances, the district
court's failure to five a jury instruction concerning multiple
conspiracies was not plain error.  See United States v.
Castaneda-Cantu, 20 F.3d 1325, 1333 (5th Cir. 1994).

Slaughter argues that the district court erred in failing to
instruct the jury that it was legally impossible for a defendant
to conspire with a government agent or informant.  Because
Slaughter did not raise this argument in the district court,
review is limited to plain error.  See Calverley, 37 F.3d at
162-64.  Slaughter's reliance on Sears v. United States, 343 F.2d
139, 142 (5th Cir. 1962) is misplaced.  In Sears, the court held
that there could be no indictable conspiracy when the only other
supposed coconspirator was a government informant.  Id. at 142.
This case is distinguishable because the Government indicted and
presented evidence at trial to establish a conspiracy existed
which included Slaughter and five others who were not government
agents or informants.  Slaughter does not argue that the evidence
was insufficient to establish the existence of the conspiracy
charged in count one of the indictment.

Slaughter argues that the district court erred in enhancing
his offense level by four points for his role as a

leader/organizer pursuant to § 3B1.1(a) of the United States Sentencing Guidelines. Although Slaughter testified at the sentencing hearing, he did not present any evidence to rebut the facts set forth in the Presentence Report which indicated that he was a leader/organizer of the conspiracy. The evidence established that at least twelve people sold cocaine case for Slaughter; that Slaughter recruited people to transport drugs, sell drugs, "cook" and cut up cocaine base, store cocaine base, count money, and carry out other tasks in furtherance of the conspiracy; that Slaughter used force and threats to keep the sellers in line; and that Slaughter derived substantial income which exceeded the share of the street dealers that he recruited. Slaughter has not shown that the district court clearly erred in finding that he was a leader/organizer of the conspiracy and in increasing his offense level under § 3B1.1(a). See United States v. Boutte, 13 F.3d 855, 860 (5th Cir. 1994).

Slaughter argues that the district court erred in enhancing his offense level by two points for obstruction of justice pursuant to § 3C1.1 of the Guidelines. He argues that the district court violated his due process rights and confrontation rights by considering the testimony of Drug Enforcement Administration Agent Brad Baker concerning hearsay statements at the sentencing hearing. For sentencing purposes, the district court may consider any relevant evidence, including uncorroborated hearsay statements, if the information has a "sufficient indicia of reliability to support its probable accuracy." See United States v. Davis, 76 F.3d 82, 84 (5th Cir.

1996); United States v. Gaytan, 74 F.3d 545, 558 (5th Cir. 1996). Slaughter did not present any evidence, other than his denial at the sentencing hearing, to rebut Agent Baker's testimony that Slaughter obstructed justice by threatening a codefendant and urging others to lie or leave town. Slaughter also did not show that Agent Baker's testimony concerning the hearsay statements was materially untrue or unreliable. Therefore, he has not shown that the district court clearly erred in finding that he obstructed justice and in increasing his offense level under § 3C1.1.

Slaughter argues that the district court erred in enhancing his offense level by two points under § 2D1.1(a)(1) of the Guidelines because one offense occurred near a protected area. Because Slaughter did not raise this argument in the district court, review is limited to plain error. See Calverley, 37 F.3d at 162-64. Slaughter concedes that a two-level reduction in his offense level would not affect the applicable sentencing guideline range. If his offense level were reduced from 46 to 44, his offense level would still be treated as the maximum offense level of 43 pursuant to U.S.S.G. Ch.5, Pt. A, comment. (n.2). Because Slaughter concedes that the correction of this alleged error would not change the applicable guideline sentencing range, we decline to address the merits of this claim. See United States v. Lopez, 923 F.3d 47, 51 (5th Cir. 1991).

Slaughter argues that his conviction should be reversed because the jury was not required to find the quantity of drugs as an element of each of the charged offenses. Slaughter's

argument is foreclosed by this court's precedent.  See <u>United States v. Rios-Quintero</u>, 204 F.3d 214, 215 (5th Cir. 2000); <u>United States v. Watch</u>, 7 F.3d 422, 426 (5th Cir. 1993).

AFFIRMED.