SCHWARZER, Senior District Judge,
dissenting.
I respectfully dissent. This appeal presents two issues: (1) Did the district court fail to comply with Rule 11; and (2) if it did, did the error impair Santo’s substantial rights.
(1) Rule 11 states that “the court must ... inform the defendant of ... the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law....” Fed.R.Crim.P. 11(c)(1). The district judge informed San-to at the plea hearing that the mandatory minimum sentence was five years. He did so on the basis of the information provided in the plea agreement. The agreement stated that the relevant Count One carried a mandatory minimum of five years. It further stated that the “parties agree to take the position in connection with the drug counts that Santo is accountable for at least 100 grams of heroin ... and the five year minimum mandatory provision is applicable.” Maj. op. at 94. Because it had no information raising the possibility of a higher minimum sentence, the court did what the rule required.'
The majority holds that, “the court failed to comply.with the.express provisions of Rule 11(c)(1) when it incorrectly advised Santo as to the.minimum penalties that *102 applied in his case.” Maj. op. at 99. In considering that holding, it is critical to appreciate what this case does and does not involve. This is not a case in which, at the time of the plea, the drug quantity was undetermined, nor is this a case in which the judge failed altogether to advise the defendant of the applicable mandatory minimum. The “minimum penalties that applied in his case” as of the time of the Rule 11 colloquy were those that applied to the drug quantity on which defendant and the government had agreed in the plea bargain that was before the court when it took the plea. Maj. op. at 94. That the Probation Department subsequently increased the drug quantity attributed to Santo, recommending a ten-year mandatory minimum, does not retroactively infect what the district court did with error.
The majority treats this as a case in which the drug quantity attribution is not finally determined until after the plea process is completed. Maj. op. at 98. In such a case of “lack of certainty,” the district court must inform the defendant of the different mandatory máximums and minimums that could apply. Maj. op. at 98-99. The majority quotes from United States v. Watch, 7 F.3d 422 (5th Cir.1993), in which the court said that “a prudent district judge hearing a plea from a defendant charged under an indictment or information alleging a § 841(a) violation but containing no quantity allegation may simply walk a defendant through the statutory minimum sentences prescribed in § 841(b) explaining that a mandatory minimum may be applicable and that the sentence will be based on the quantity of drugs [attributed to the defendant].” Id. at 429 (emphasis added). In the instant case, of course, the government had informed the court at the plea hearing of the quantity attributed to defendant. And the court’s statement in Watch is dictum because the conviction was vacated on the ground that the court did not inform defendant of any mandatory minimum sentence. See id. at 428 n. 5. Similarly, in United States v. Herndon, 7 F.3d 55 (5th Cir.1993), and United States v. Padilla, 23 F.3d 1220 (7th Cir.1994), reiterating the Watch dictum, the convictions were reversed because the court had failed to inform the defendant of any applicable mandatory minimum sentence. See Herndon, 7 F.3d at 56; Padilla, 23 F.3d at 1222 n. 2.
But this is not such a case. Here, the drug quantities attributed to Santo had been determined by the plea agreement. A careful and reasonable district judge cannot be expected to warn the defendant that the Probation Department might change its mind later and report a larger drug quantity at sentencing. What the district court does at the Rule 11 hearing must be judged, not with the benefit of hindsight but by the state of affairs at the time. To require the district court in a case such as the one before us to' inform a defendant of all the different mandatory mínimums and máximums not only is not required by Rule 11 but also would seem to confuse rather than help the defendant.
There is no authority for the proposition that the district court’s failure to inform a defendant that a greater quantity of drugs might be attributed to him at sentencing than what the government had committed to in the plea agreement, bringing into play higher mandatory mínimums, constitutes reversible error, nor can such a requirement be read into Rule 11(c)(1).
Indeed, to require district judges to inform defendants of all the different mandatory mínimums will undermine the purpose of Rule 11(c) to ensure defendants will make informed decisions. It will also work to the prejudice of future defendants (even if it helps Santo in this case). That is because a defendant in Santo’s position, who entered a plea in reliance on the plea agreement, would have a basis for moving to withdraw his plea at sentencing if the PSR at that point increased the drug quantity over what the government had represented in the agreement — not because the court is bound by the sentence contemplated by the agreement (which it is not under Rule 11(e)(1)(C)) but because *103 the government has established the factual basis for the plea. If, on the other hand, a defendant at the plea colloquy is told that notwithstanding the terms of. his plea agreement, a greater minimum sentence may apply than what the agreement provided for, he has no ground for complaint if the PSR later states a drug quantity exceeding that specified in the plea bargain.
(2) Assuming nonetheless that the district court erred, the question is whether the error impaired Santo’s substantial rights. The majority holds that “it is sufficiently likely that Santo misjudged the consequences of his plea in light of the court’s misinformation so that he must be allowed to withdraw his plea.” Maj. op. at 100. As noted above, the information San-to received at the time of the plea was correct; it was only by reason of a subsequent unforeseen development that the factors controlling his sentence changed. In any event, United States v. McDonald, 121 F.3d 7 (1st Cir.1997), is indistinguishable from the instant case. The court there held:
In the case at hand, the error did not impair the appellant’s substantial rights. The court imposed a sentence of 135 months — fifteen months longer than the mandatory minimum-and calculated that sentence without any reference to the mandatory minimum. It is, therefore, readily apparent that because the guideline sentencing range (at its nadir) outstripped the mandatory minimum, the latter had no relevance to, and no actual effect upon, the appellant’s sentence. Consequently, the district court’s failure to apprise the appellant of the mandatory minimum was an error that did no discernible harm.
Id. at 11. So here, the district court performed the guideline calculation without reference to the mandatory minimum, arriving at an offense level of 33 which, given Santo’s criminal history category III, resulted in a guideline range of 168-210 months. As in McDonald, the bottom of the range “outstripped” the ten-year mandatory minimum.
The majority notes that at the plea hearing, the government, in response to the court’s question, estimated a sentencing guideline range that did not outstrip the ten-year mandatory minimum. Maj. op. at 100-01 n. 5. McDonald does not require reversal on those facts. McDonald is silent on whether any sentencing guideline range was mentioned at the Rule 11 plea colloquy; rather, it turned on the guideline range calculated by the judge at sentencing with the aid of the parole officer’s PSR recommendation, and that range exceeded the mandatory minimum. McDonald holds that failure to inform the defendant of the applicable mandatory minimum at the Rule 11 hearing does not impair his substantial rights where that minimum was below the applicable sentencing guideline range.
To sum up, Santo may have been unfairly treated when he was ambushed by a revised PSR at the sentencing hearing. He may well have been entitled to withdraw his plea had he asked. That he failed to do so, however, does not make what the district court did reversible error.
For these reasons, I would affirm the judgment.