IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-40714
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO ROMULO LUNA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(M-00-CR-26-2-S1)
--------------------
May 17, 2001

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Roberto Romulo Luna appeals his guilty-plea conviction and sentence for conspiracy to possess with intent to distribute more than 100 kilograms but less than 1000 kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1), 841 (b)(1)(B), and 846. Luna argues that the waiver-of-appeal provision in his plea agreement is invalid because the district court failed to comply with Fed. R. Crim. P. 11(c)(6). We conclude that the district court sufficiently complied with Rule 11 and that Luna's waiver of appeal is valid. See United States v. Robinson,

_____

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

187 F.3d 516, 518 (5th Cir. 1999); United States v. Melancon, 972 F.2d 566, 567 (5th Cir. 1992).

Relying on Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000), Luna argues that his sentence was improperly determined on the basis of a quantity of drugs not alleged in his indictment. Luna's Apprendi challenge to the district court's determination is unavailing: The record shows that he executed a valid waiver of appeal of his sentence and that this issue is not encompassed within an exception to the waiver. Even though the presentence report determined that Luna was responsible for a greater drug quantity than alleged in the indictment, his sentence did not exceed the statutory maximum based on the quantity alleged in the indictment, thereby making Apprendi inapplicable. See United States v. Keith, 230 F.3d 784, 787 (5th Cir. 2000), cert. denied, 121 S. Ct. 1163 (2001); United States v. Doggett, 230 F.3d 160, 164-65 (5th Cir. 2000), cert. denied, 121 S. Ct. 1152 (2001).

Luna also argues that his guilty plea was not knowing and voluntary because the district court sentenced him pursuant to the relevant conduct determined in the presentence investigation report. Our review of the record satisfies us that Luna's guilty plea was knowing and voluntary. See United States v. Pearson, 910 F.2d 221, 223 (5th Cir. 1990); United States v. White, 912 F.2d 754, 756 (5th Cir. 1990).

AFFIRMED.