**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 5, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

——————————

No. 03-40789
Summary Calendar

——————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ALEJANDRO DEL BOSQUE,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
(M-02-CR-842-1)
--------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:[*]

    Defendant-Appellant Alejandro Del Bosque appeals his conviction on his guilty plea to a charge of possession with intent to distribute approximately two kilograms of cocaine. The district court sentenced Del Bosque to sixty months imprisonment and four years supervised release.

    Del Bosque asserts that the district court's failure to inform him at FED. R. CRIM. P. 11 colloquy that he was subject to a statutory minimum sentence was plain error that affected his

-----

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantial rights.  He argues that we should vacate his plea because the error is of constitutional magnitude and rendered his plea invalid.

Del Bosque's Rule 11 challenge is raised for the first time on appeal and is subject to review for plain error only.  United States v. Vonn, 535 U.S. 55, 59 (2002).  Accordingly, he must show: (1) an error, (2) that is clear and obvious, and (3) that affects his substantial rights.  United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002).  Even if these factors are established, however, we will not correct the forfeited error unless, in our discretion, we conclude that "the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  Id.

Rule 11(b)(1)(I), FED. R. CRIM. P., requires the district court to advise a defendant of the mandatory minimum penalty provided by law.  We have held previously that an omission during the FED. R. CRIM. P. 11 colloquy of the applicable mandatory minimum sentence may constitute reversible error.  See United States v. Still, 102 F.3d 118, 122 (5th Cir. 1996); United States v. Watch, 7 F.3d 422, 429 (5th Cir. 1993).  Such an omission does not, however, require automatic reversal.  See, e.g., United States v. Johnson, 1 F.3d 296, 303-04 (5th Cir. 1993) (en banc).  The determination is a fact sensitive inquiry.  See Johnson, 1 F.3d at 303 n.31.

Under the circumstances presented in the instant case, the district court's omission does not warrant reversal.  Del Bosque has not shown that the error "seriously affects the fairness,

2

integrity, or public reputation of judicial proceedings." <u>Reyes</u>, 300 F.3d at 558. Accordingly, the judgment of the district court is, in all respects,

AFFIRMED.