# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 1, 2008

Charles R. Fulbruge III
Clerk

No. 06-51088

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

OMAR DEMORTIUS WILLIAMS also known as, Omar Williams

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:06-CR-00038

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The Defendant-Appellant Omar Williams ("Williams") contends that his guilty plea before the district court was not entered into intelligently and voluntarily and therefore requests that this court vacate his guilty plea. United States v. Reyes, 300 F.3d 555, 558 (5th Cir. 2002) ("Because a guilty plea involves the waiver of several constitutional rights, it must be made intelligently and voluntarily.") (citing Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)). Williams

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

alleges the district court did not comply with Federal Rule of Criminal Procedure 11. Rule 11 "ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea." Id. Rule 11 provides that, "[b]efore the court accepts a plea of guilty or nolo contendere . . . the [district] court must address the defendant personally in open court . . . [and] inform the defendant of, and determine that the defendant understands. . .the nature of each charge to which the defendant is pleading." FED. R. CRIM. P. 11(b)(1)(G). The district court must also inform the defendant of "any mandatory minimum penalty." FED. R. CRIM. P. 11(b)(1)(I).[1]

Williams did not object on Rule 11 grounds during his plea colloquy, so we apply a plain-error standard of review. See United States v. Vonn, 535 U.S. 55, 58-59 (2002); see also United States v. Castro-Trevino, 464 F.3d 536, 541 (5th Cir. 2006).

During the plea colloquy, the district court made a misleading statement concerning the mandatory minimum sentence that was applicable to Williams. The district court conveyed to Williams that two possible mandatory minimum sentences were applicable to his conviction: (1) a ten-year mandatory minimum or (2) a mandatory life sentence minimum. However, based on the enhancement information submitted by the Government pursuant to 21 U.S.C. § 841(b)(1), Williams effectively faced only the minimum of a life sentence. Under 21 U.S.C. § 841(b)(1), the mandatory minimum for a drug offense can increase to life imprisonment if the defendant has been convicted of two or more prior drug felony offenses. The enhancement information described three such prior convictions. The parties do not dispute that Williams's prior convictions were more than five-years old. Therefore, Williams could not file a non-frivolous

---

[1] We have emphasized the special importance of informing defendants of their mandatory minimum sentence. E.g., United States v. Herndon, 7 F.3d 55, 58 (5th Cir. 1993).

2

response to the enhancement information so as to challenge the validity of the prior convictions. 21 U.S.C. § 851(e) ("No person who stands convicted of an offense under this part may challenge the validity of any prior conviction alleged under this section which occurred more than five years before the date of the information alleging such prior conviction."); see also United States v. Nanez, 694 F.2d 405, 413 (5th Cir. 1982). As a consequence, the district court was statutorily required to impose the sentence enhancement under 21 U.S.C. § 851(d)(1):

> If the person files no response to the information . . . the court shall proceed to impose sentence upon him as provided by this part.

Thus, by the operation of these statutory provisions, the district court was obligated to impose a mandatory life sentence as a minimum sentence, and a ten-year mandatory minimum was no longer a practical possibility. Since the district court misleadingly conveyed the possibility of a ten-year mandatory minimum, the defendant could not have understood the nature of the charge to which he was pleading. FED. R. CRIM. PROC. 11(b)(1)(G). By failing to inform Williams accurately of the proper minimum mandatory sentence, the district court was not clear about the direct consequences of a plea. See United States v. Hernandez, 234 F.3d 252, 255 (5th Cir. 2000) ("To be knowing and intelligent, the defendant must have a full understanding of what the plea connotes and of its consequence.") (internal quotations and citations omitted). Thus, the district court plainly erred. See FED. R. CRIM. P. 11(b)(1)(I); United States v. Adams, 432 F.3d 1092, 1096 (9th Cir. 2006) (finding plain error when district court failed into inform defendant that he possibly could be subject to a mandatory fine if he had the ability to pay the fine)

Under United States v. Watch, this plain error affects the defendant's substantial rights: "[this court] find[s] that because the district court failed to

inform [the defendant] of the minimum sentence which might be imposed,[the defendant] did not fully understand the consequences of his plea, and his rights were therefore substantially affected. Consequently, [the defendant's] conviction must be vacated, and his case remanded so that he may plead anew." 7 F.3d 422, 429 (5th Cir. 1993); see also United States v. Benz, 472 F.3d 657, 660-62 (9th Cir. 2006) ("[W]e hold that the failure to inform the defendant of the mandatory minimum sentence seriously affected the fairness, integrity, or public reputation of the judicial proceedings because we cannot know whether the defendant would have pled differently had he been informed of the mandatory minimum as required under Rule 11."). Here, the district court was not sufficiently clear in its Rule 11 admonishment as to the applicable mandatory minimum sentence; therefore Williams could not have fully understand the consequences of his plea. His rights were substantially affected by this reversible plain error. Accordingly, we VACATE Williams's guilty plea and REMAND this case to the district court to allow Williams to plead anew.[2]

---

[2] As we are now vacating his guilty plea, his other arguments are mooted.

4