# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 29, 2012

No. 10-41310

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDUARDO CARREON-IBARRA, also known as Negro,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before GARZA, CLEMENT, and SOUTHWICK, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

Defendant-Appellant Eduardo Carreon-Ibarra appeals his conviction and sentence on count 26 of a superseding indictment, which charged him with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i), § 924(c)(1)(B)(ii), and § 924(c)(1)(C)(i) and (ii). He primarily contends that his guilty plea to count 26 was not made knowingly and voluntarily because he was not properly admonished regarding the direct consequences of his plea. We agree; accordingly, we vacate Carreon-Ibarra's guilty plea as to count 26 and remand this case to the district court to allow him to plead anew.

No. 10-41310

I

The Grand Jury for the Southern District of Texas filed a multi-count, multi-defendant superseding indictment that charged Carreon-Ibarra with various crimes he allegedly committed as part of his involvement with the enforcement arm of a Mexican drug cartel. Carreon-Ibarra eventually pleaded guilty, pursuant to a written plea agreement, to two counts of the indictment—24 and 26.

Count 24—titled attempted murder—alleged that Carreon-Ibarra

and other co-conspirators . . . aiding and abetting each other, did travel in foreign commerce . . . and use a facility in interstate and foreign commerce . . . with the intent to commit a crime of violence to further an unlawful activity, that is, a business enterprise involving controlled substances . . . and thereafter intentionally and knowingly attempted to commit a crime of violence to further such unlawful activity [in violation of 18 U.S.C. §§ 1952(a)(2), (a)(3)(B)].

Count 26 of the indictment alleged that Carreon-Ibarra and his co-defendants,

aiding and abetting each other, did knowingly and intentionally possess *at least one firearm*, to wit:
a) AR-15, .223 caliber machinegun, with an obliterated serial number;
b) MAK-90, 7.62X39mm caliber semi-automatic assault rifle, serial number 91784;
c) Glock, .40 caliber pistol, serial number FCM759; and
d) Smith and Wesson, 9mm caliber pistol, serial number TCL4868,
in furtherance of a crime of violence . . . , that is Interstate Travel in Aid of Racketeering as charged in Count Twenty-Four . . . and a drug trafficking crime . . . , that is, Conspiracy to Possess with Intent to Distribute a Controlled Substance as charged in Count One of the Indictment.

No. 10-41310

(emphasis added).   Count 26 alleged violations of 18 U.S.C. § 924(c)(1)(A)(i) (providing for a minimum of five years of imprisonment for possessing a generic firearm), § 924(c)(1)(B)(ii) (providing for a term of imprisonment of not less than thirty years for possession of a machinegun), and § 924(c)(1)(C)(i), (ii) (providing penalties for second or subsequent convictions).

The plea agreement stated that the maximum term of imprisonment for count 24, a violation of § 1952(a)(2), was not more than twenty years.   It provided that the statutory range of imprisonment for count 26, a violation of § 924(c)(1)(A)(i) and (c)(1)(D)(2), would "**include a consecutive mandatory minimum term of imprisonment of five (5) years** [and] imprisonment of not more than Life."   The plea agreement did not mention the machinegun possession offense, § 924(c)(1)(B)(ii), or its thirty-year mandatory minimum term of imprisonment.

The plea agreement included an addendum containing a factual statement, which, among other evidence tying Carreon-Ibarra to the crimes alleged in counts 24 and 26, stated that Laredo police officers arrested Carreon-Ibarra in Room 603 of a motel in possession of the keys to Rooms 603 and 602. The statement noted that after Carreon-Ibarra consented to a search of the two rooms the police found the two handguns identified in the indictment hidden in Room 603, one under the mattress and one in the water tank of the toilet.   In Room 602, the police discovered the machinegun and the assault rifle identified in the indictment hidden under the mattress.

At rearraignment, the Government indicated that Carreon-Ibarra was subject to (1) a statutory maximum term of imprisonment of twenty years on count 24 and (2) a consecutive statutory minimum term of imprisonment of five years up to a maximum term of life on count 26 for a violation of § 924(c)(1)(A)(i) and (c)(1)(B)(ii).   The district court then reiterated that in addition to whatever sentence the court imposed on count 24, Carreon-Ibarra "would be receiving in

3

No. 10-41310

addition to that a minimum of five years, that is, whatever the court sentences you to on Count 24, you will get plus a minimum of five years." The court added that it did not "know what you will actually get, but you need to make sure that you understand that combined you're looking at something over five years." Carreon-Ibarra declared that he understood and acknowledged that he had signed the factual statement and attested to its truth after the Government read it into the record. The district court found Carreon-Ibarra guilty of the charges alleged in counts 24 and 26, ordered the preparation of a Pre-Sentencing Report ("PSR"), and set the case for sentencing.

The PSR calculated a recommended advisory guideline imprisonment range on count 24 of 240 months, the statutorily authorized maximum sentence. As for count 26, paragraph 56 of the PSR acknowledged that the district court admonished Carreon-Ibarra of "the penalty provisions of 18 U.S.C. § 924(c)(1)(A)(i)," which provide for an imprisonment range of five years to life. Nonetheless, the PSR stated that because "as reflected in Count Twenty-Six of the Indictment, one of the firearms involved in the offense was a machinegun[,] . . . . the defendant is subject to a 30 year custody term consecutive to the custody term imposed in Count Twenty-Four."

Carreon-Ibarra filed objections to the PSR in the district court, challenging paragraph 56. He contended that when he pleaded guilty to count 26 at rearraignment, the district court admonished him that he only faced a term of imprisonment of five years to life pursuant to § 924(c)(1)(A)(i) and did not admonish him that he would be held responsible for possession of a machinegun. In pleading guilty to count 26, Carreon-Ibarra asserted that he only intended to accept responsibility for the two handguns located in Room 603, not for the machinegun seized from Room 602. Although he acknowledged that he had a key to room 602, he denied having any knowledge that a machinegun was in that room. He also contended that the indictment did not allege that each defendant

referred to in count 26 possessed all of the firearms described in that count, but, rather, only that each defendant "possessed at least one firearm in furtherance of a crime of violence."

At sentencing, after Carreon-Ibarra's counsel raised its objection to "the applicability of the 30-year mandatory minimum sentence for the machinegun," the court acknowledged that it had admonished Carreon-Ibarra at the plea hearing that he was subject to a five-year mandatory minimum sentence and a sentence up to life imprisonment for count 26. However, the district court opined that the five-year minimum admonishment did not render the plea involuntary. The court stated that even if it sentenced Carreon-Ibarra for the machinegun charge, the plea would remain voluntary because a thirty-year term of imprisonment would be within the sentencing range announced at rearraignment.[1] Carreon-Ibarra's attorney responded by saying that his client had based his decision to plead guilty on the understanding that he faced a five-year minimum sentence on count 26—that is, there was a possibility that he could receive a sentence of less than thirty years—and that if he had known he faced a thirty-year minimum he would rather have gone to trial. Counsel then asked the court to enforce the plea agreement and consider a sentencing range

---

[1] The court stated:

> [T]he admonishments that were done as a five to life to here for this. The 30-years obviously would be within that five to life. The court can handle that one of two ways, obviously: The court can just say, well, within that five to life term of imprisonment, the court is electing this particular range, and it would still be within the range that the defendant was admonished to at the time of the plea. I don't think that that is necessarily an issue that regards the voluntariness of the plea.
>
> . . . .
>
> So what the court is saying is that he was admonished to a term up from five to life. Obviously 30 years is within that range. Okay. Even if the court, and the court didn't say you are subject to a 30-year mandatory year minimum. The court can select based upon all the information here, based upon consideration of the 3553 A factors, the court can select any term within that five to life term of imprisonment.

No. 10-41310

of five years to life imprisonment on count 26.  The court appeared to grant Carreon-Ibarra's objection and rejected a thirty-year minimum sentence, stating repeatedly that it would "consider the full range up from five to life."  Carreon-Ibarra did not attempt to withdraw his plea.[2]

The court declared that it would sentence Carreon-Ibarra to terms of imprisonment within the range "provided by the statutes and the guidelines," sentencing him to a 240-month or twenty-year term of imprisonment on count 24, followed by a 480-month or forty-year consecutive term of imprisonment on count 26.  Carreon-Ibarra did not object to the court's sentence.  The district court's statement of reasons indicated that it was adopting the PSR, and its judgment stated that Carreon-Ibarra was guilty of both possessing a generic firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A)(i), and possessing a machinegun in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(B)(ii).  This appeal followed.[3]

---

[2] The colloquy proceeded as follows:

THE COURT: All right. The court can sentence him on this charge based on the plea that was entered to anything from five to life consecutive to the sentence imposed in connection with Count 24, and that is what the court will do.

MR. J. E. PENA: I do understand that, Your Honor. However, his position is he thought that he would at least have a chance to get less than 30 years.

THE COURT: That is what I'm saying is that I will consider the full range up from five to life.

MR. J. E. PENA: I'm asking the court to enforce the plea agreement, Your Honor. His understanding was that--.

THE COURT: Five to life? I'm considering five to life.

MR. J. E. PENA: Very well, Your Honor.

THE COURT: I'm not sure what else I can say, but I'm considering five to life.

[3] Although Carreon-Ibarra's plea agreement included a waiver-of-appeal provision, that agreement cannot be enforced "to bar a claim that the waiver itself—or the plea agreement of

No. 10-41310

II

On appeal, Carreon-Ibarra contends that he did not make his guilty plea on count 26 knowingly and voluntarily and requests that we vacate his guilty plea as to that count of the indictment.[4]   He asserts that the district court violated Federal Rule of Criminal Procedure 11 by failing to admonish him regarding the proper mandatory minimum sentence for count 26.  Although Carreon-Ibarra acknowledges that the district court indicated that it would consider the full sentencing range announced  at rearraignment—five years to life—when setting his sentence for count 26, he asserts that the court actually sentenced Carreon-Ibarra for a violation of 18 U.S.C. § 924(c)(1)(B)(ii), possession of a machinegun in furtherance of a drug trafficking crime, which carries a thirty-year minimum term of imprisonment.

The Government counters that Carreon-Ibarra waived any error in the district court's sentence because he acquiesced to the court's decision to consider a sentencing range of five years to life for the machinegun offense.  Further, the Government contends that the district court did not commit error because the court ultimately considered the full sentencing range announced at rearraignment when it sentenced Carreon-Ibarra for the machinegun offense.

A

Because Carreon-Ibarra objected to the district court's Rule 11 error in his objections to the PSR and at the sentencing hearing, we review his challenge under the harmless error standard.  *United States v. Powell*, 354 F.3d 362, 367 (5th Cir. 2003) ("When a defendant objects at the district court level to the

---

which it was a part—was unknowing or involuntary."  *United States v. White*, 307 F.3d 336, 343 (5th Cir. 2002).

[4] Carreon-Ibarra also argues that the district court violated his right to due process by accepting his guilty plea to the machinegun offense and sentencing him for that offense. However, because we are vacating Carreon-Ibarra's plea as involuntary, this additional argument is moot.

No. 10-41310

court's failure to comply with Rule 11 during the plea colloquy, this Court reviews the challenge pursuant to the harmless error standard.") (citing *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc)).

The Government asserts that Carreon-Ibarra waived his Rule 11 objection by (1) failing to withdraw his guilty plea when the judge informed him at the sentencing hearing that he was subject to a thirty-year minimum sentence and (2) acquiescing to the district court's remedy to the alleged error, that is, considering the full sentencing range announced at rearraignment for count 26. The Government's arguments are unavailing.

Carreon-Ibarra did not waive his Rule 11 objection because even at the conclusion of sentencing he reasonably believed that he had only pleaded guilty to the generic firearm offense, 18 U.S.C. § 924(c)(1)(A)(i). By repeatedly assuring Carreon-Ibarra's counsel at sentencing that it would "consider the full range up from five to life" for count 26, the district court caused counsel to reasonably believe that the court had granted his objection regarding the applicability of the machinegun charge and its thirty-year minimum sentence. Thus, Carreon-Ibarra did not withdraw his guilty plea at sentencing because the district court led him to believe that it would sentence him under the properly admonished generic firearm offense bearing a five-year minimum. When the district court announced Carreon-Ibarra's sentence under count 26, his counsel did not object because the sentence was within the sentencing range announced at rearraignment. But the district court's subsequent judgment adjudged Carreon-Ibarra guilty of the machinegun offense, revealing for the first time that the court had not actually sustained his counsel's objection and had sentenced him for the machinegun offense.

Accordingly, Carreon-Ibarra preserved error on his Rule 11 challenge because (1) he properly objected to the applicability of the machinegun offense and its thirty-year minimum sentence in response to the PSR and at the

No. 10-41310

sentencing hearing and (2) the district court's statements at sentencing misled him regarding whether the court was sentencing him for the machinegun charge. The district court's error was not revealed until after the end of the sentencing hearing when the court rendered its written judgment; thus, Carreon-Ibarra preserved his claim of error because he did "not have an opportunity to object to" the court's error. *See* FED. R. CRIM. P. 51(b) ("If a party does not have an opportunity to object to a ruling or order, the absence of an objection does not later prejudice that party.").[5]

Because Carreon-Ibarra preserved his claim that the district court failed to comply with Rule 11, "we shall conduct a straightforward, two-question 'harmless error' analysis: (1) Did the sentencing court in fact vary from the procedures required by Rule 11, and (2) if so, did such variance affect substantial rights of the defendant?" *Johnson*, 1 F.3d at 298. "To determine whether an error affects substantial rights, *i.e.*, is harmful, the focus is on 'whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty.'" *Powell*, 354 F.3d at 367 (quoting *Johnson*, 1 F.3d at 302).

B

We first consider whether the district court erroneously varied from the procedures required by Rule 11. *Johnson*, 1 F.3d at 298.

Federal Rule of Criminal Procedure 11 "ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea." *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002). Guilty pleas must be made intelligently and voluntarily

---

[5] Carreon-Ibarra may have been able to preserve his claim of error post-judgment by moving the district court to correct his sentence on the ground that it resulted from clear error pursuant to Federal Rule of Criminal Procedure 35. However, the Government has not raised this argument; thus, we need not address it.

No. 10-41310

because they involve the waiver of several constitutional rights. *Id.* (citing *Boykin v. Alabama*, 395 U.S. 238, 242–44 (1969)). Rule 11 provides that "[b]efore the court accepts a plea of guilty . . . . the court must inform the defendant of, and determine that the defendant understands, . . . the nature of each charge to which the defendant is pleading . . . [and] any mandatory minimum penalty." FED. R. CRIM. P. 11(b)(1)(G),(I).

A district court commits Rule 11 error when accepting a guilty plea if it fails to inform the defendant "accurately of the proper minimum sentence" that will result from the plea. *United States v. Williams*, 277 F. App'x 365, 367 (5th Cir. 2008). The failure to properly admonish a defendant regarding the applicable statutory minimum sentence that will result from a plea constitutes error because it prevents the defendant from understanding the nature of the charges to which he is pleading and the direct consequences of his plea. *Id.* at 366–67 ("Since the district court misleadingly conveyed the possibility of a ten-year mandatory minimum, the defendant could not have understood the nature of the charge to which he was pleading.") (citing FED. R. CRIM. P. 11(b)(1)(G)); *id.* at 367 ("By failing to inform Williams accurately of the proper minimum mandatory sentence, the district court was not clear about the direct consequences of a plea.") (citing *United States v. Hernandez*, 234 F.3d 252, 255 (5th Cir. 2000)); *see United States v. Watch*, 7 F.3d 422, 429 (5th Cir. 1993) (same).

Here, the district court advised Carreon-Ibarra at rearraignment that his guilty plea to count 26 would subject him to a consecutive five-year mandatory minimum sentence. But the court's judgment reveals that it actually interpreted Carreon-Ibarra's plea to count 26 as an admission of guilt to the machine gun offense, which carried a thirty-year mandatory minimum sentence. Accordingly, the district court's flawed admonishment "misled [Carreon-Ibarra] as to the statutory minimum term of imprisonment to which he subjected himself by

10

pleading guilty and thereby amounted to a complete failure to address the plea-consequences concern of Rule 11." *Watch*, 7 F.3d at 429. In short, the court's failure to advise Carreon-Ibarra that his plea would subject him to a thirty-year mandatory minimum sentence prevented him from understanding the nature of the charges to which he was pleading—the machinegun offense—and of the direct consequences of his plea—a thirty-year mandatory minimum sentence. *Williams*, 277 F. App'x at 366-67; *Watch*, 7 F.3d at 429.

First, the district court's admonishment that count 26 would carry a five-year minimum sentence could reasonably have caused Carreon-Ibarra not to understand that he was pleading guilty to the machinegun offense, which would subject him to that offense's thirty-year minimum sentence. The extant record when he entered his plea could have reinforced his belief that he was only pleading guilty to the generic firearm offense. For instance, the indictment only charged Carreon-Ibarra with possessing "at least one" of four firearms, only one of which was a machinegun. Further, neither the plea agreement nor the factual statement specified that Carreon-Ibarra intended to plead guilty to the machinegun offense or mentioned the offense's thirty-year minimum sentence. Thus, by admonishing Carreon-Ibarra that he would face a five-year mandatory minimum sentence for pleading guilty to count 26, the district court could have caused Carreon-Ibarra to reasonably believe that he was not pleading guilty to the machinegun charge.

Second, despite the district court's failure to inform Carreon-Ibarra at rearraignment that his guilty plea to count 26 would subject him to a thirty-year minimum sentence, the record reveals that the district court interpreted Carreon-Ibarra's guilty plea to count 26 as an admission of guilt to the machinegun offense, 18 U.S.C. § 924(c)(1)(B)(ii). For instance, the court's statement of reasons indicated that the court adopted the PSR and imposed a mandatory minimum sentence, and the statement does not disavow the PSR's

recommendation regarding the applicability of the machinegun charge and its thirty-year minimum sentence. Further, the court's judgment explicitly stated that it found Carreon-Ibarra guilty of possessing a machinegun in furtherance of a drug trafficking crime: "The defendant is adjudicated guilty of these offenses: . . . 18 U.S.C. § 924(c)(1)(B)(ii), and 2." Thus, even though the district court's improper admonishment could have caused Carreon-Ibarra to reasonably believe that he had not pleaded guilty to the machinegun offense, the district court adjudged him guilty of that offense.

Accordingly, we conclude that the district court erred by accepting Carreon-Ibarra's guilty plea for possessing a machinegun in violation of 18 U.S.C. § 924(c)(1)(B)(ii).[6] The court's admonishment that Carreon-Ibarra's plea would only result in a five-year mandatory minimum sentence prevented him from understanding the nature of the charges against him and the direct consequences of his plea. *Williams*, 277 F. App'x at 366–67; *Watch*, 7 F.3d at 429.

C

Now that we have determined the district court erroneously varied from the procedures required by Rule 11, we proceed to decide whether that error was harmless. "To determine whether a Rule 11 error is harmless (*i.e.*, whether the error affects substantial rights), we focus on whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *Johnson*, 1 F.3d at 302. In other words, we "examine the facts and circumstances of the . . . case to see if the district

---

[6] We note the importance of the fact that the Supreme Court issued its opinion in *United States v. O'Brien*, before sentencing in this case. 130 S. Ct. 2169 (2010). In *O'Brien* the Court held that possession of a machinegun under 18 U.S.C. § 924(c)(1)(B)(ii) is an element of an offense that must be charged in an indictment and proved to a jury beyond a reasonable doubt, as opposed to a sentencing factor that can be proved to a jury by a preponderance of the evidence. 130 S. Ct. at 2180.

court's flawed compliance with . . . Rule 11 . . . may reasonably be viewed as having been a material factor affecting [defendant]'s decision to plead guilty." *Id.* (alterations in original) (quoting *United States v. Bachynsky*, 934 F.2d 1349, 1360 (5th Cir. 1993) (en banc)).

In *Watch*, we concluded "that because the district court failed to inform Watch of the minimum sentence which might be imposed, Watch did not fully understand the consequences of his plea, and his rights were therefore substantially affected." 7 F.3d at 429; *see Williams*, 277 F. App'x at 367 (holding, under *Watch*, on plain error review, that a district court's failure to "accurately [inform a defendant] of the proper minimum mandatory sentence" affected the defendant's substantial rights). Accordingly, due to the district court's failure to admonish Carreon-Ibarra that his plea to count 26 would subject him to a thirty-year minimum sentence, he did not fully understand the consequences of his plea and his rights were therefore substantially affected. *Watch*, 7 F.3d at 429.

The Government asserts that the improper admonishment did not affect Carreon-Ibarra's decision to plead guilty because the district court ultimately considered the full imprisonment range announced at rearraignment—five-years to life—when setting the sentence. We find its argument unpersuasive.

Even if the district court actually did consider the full extent of the sentencing range announced at rearraignment when setting Carreon-Ibarra's sentence for count 26, Carreon-Ibarra's knowledge of the full consequences of his plea would have been likely to affect his willingness to plead guilty. Namely, with full knowledge that the district court would find him guilty of the machinegun offense, Carreon-Ibarra could have reasonably thought that the district court would feel constrained or influenced by the mandatory minimum sentence for that offense. For instance, Carreon-Ibarra could have reasonably concluded that his sentence would be affected by the district court's belief that

No. 10-41310

it lacked authority to impose a sentence for the machinegun offense below the statutory minimum for that offense. *See United States v. Phillips*, 382 F.3d 489, 498–99 (5th Cir. 2004) (holding that a district court may only impose a term of imprisonment below a statutory minimum for a drug crime in limited inapplicable circumstances). Similarly, Carreon-Ibarra could have determined that even if the court did believe it could sentence Carreon-Ibarra to less than thirty years for the machinegun offense, its weighing of the relevant sentencing factors would be influenced by the fact that Congress created a thirty-year mandatory minimum sentence for the underlying offense.

In sum, we find that if Carreon-Ibarra knew before his plea hearing that the district court would interpret his plea to count 26 as an admission of guilt to the machinegun offense, it "would have been likely to affect his willingness to plead guilty." *Johnson*, 1 F.3d at 302.

## III

We VACATE Carreon-Ibarra's guilty plea as to count 26 only, and REMAND this case to the district court to allow Carreon-Ibarra to plead anew as to count 26.[7]

---

[7] Neither party has argued that Carreon-Ibarra's guilty plea or sentence as to count 24 depended on the validity of his plea to count 26. *See United States v. Still*, 102 F.3d 118, 123 (5th Cir. 1996).

14