# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40564
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARTIN CAMACHO, also known as Martin Salinas-Gabina, also known as
Jose Camacho-Sanchez,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-561

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Martin Camacho appeals his guilty plea conviction and sentence for
illegal reentry following deportation in violation of 8 U.S.C. § 1326. Camacho
argues that his guilty plea, which included an appeal waiver, was unknowing
and involuntary. Specifically, he asserts that the district court sentenced him
under § 1326(b)(2) for a prior aggravated felony conviction, but admonished

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

No. 14-40564

him under § 1326(b)(1), thus misleading him to believe that he would be sentenced based only on a prior nonaggravated felony conviction.

Camacho originally raised three issues on appeal, but has moved to abandon two of his issues, which he states lack merit following correction of the transcript of the rearraignment hearing.

The Government moves to dismiss on the basis that Camacho waived his right to appeal. A waiver does not operate to bar a claim that a waiver or the plea agreement in which it is set forth was unknowing or involuntary. *See United States v. Carreon-Ibarra*, 673 F.3d 358, 362 n.3 (5th Cir. 2012).

Because Camacho did not raise the voluntariness of his plea in the district court, we review only for plain error. *United States v. Vonn*, 535 U.S. 55, 59 (2002). The record reflects that the district court sentenced Camacho under § 1326(b)(1). Camacho's indictment, plea agreement, presentence report, and judgment all cite § 1326(b)(1). At rearraignment, therefore, the district court appropriately advised Camacho of his maximum sentence under § 1326(b)(1). Thus, Camacho's guilty plea was knowing and voluntary. *See* FED. R. CRIM P. 11(b)(1)(H); *United States v. Reyes*, 300 F.3d 555, 558 (5th Cir. 2002).

Camacho's motion to abandon two appellate issues is GRANTED. The Government's motion to dismiss the appeal is DENIED. The Government's alternative motion for an extension of time in which to file its appellee's brief is DENIED. The judgment of the district court is AFFIRMED.