# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-50792
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 8, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE FABIAN BUCK-SOLTERO, also known as Jorge Fabian Buck, also known as Dracula, also known as Jorge Buck, also known as Jorge Fabian Soltero, also known as Jorge Fabian Soltero-Buck,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:11-CR-787-3

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Jorge Fabian Buck-Soltero pleaded guilty to a superseding indictment that charged him with conspiracy to distribute and possess with intent to distribute one kilogram or more of heroin, an offense for which 21 U.S.C. § 841(b)(1)(A)(i) prescribes a mandatory minimum prison sentence of 10 years and a mandatory minimum supervised release term of five years.    At

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing, the district court imposed a 10-year term of imprisonment to be followed by a five-year term of supervised release. Buck-Soltero timely appealed.

In his sole issue on appeal, Buck-Soltero argues that the district court reversibly erred when it failed to inquire, as required by Federal Rule of Criminal Procedure 11(b)(2), whether his plea was induced by any promises other than those contained in his written plea agreement. He maintains that the record strongly suggests that his plea was induced by an extra-plea promise from defense counsel that he would be eligible for a safety-valve reduction that would allow the district court to sentence him below the statutory minimum 10-year prison term. As it turned out, Buck-Soltero was not eligible for such a reduction, and he now asserts that his conviction should be vacated and that he should be allowed to plead anew.

The parties disagree whether the issue should be reviewed for harmless error or for plain error. We need not resolve this dispute because Buck-Soltero is not entitled to relief "even under the more defendant-friendly 'harmless-error' standard." *United States v. Runyan*, 290 F.3d 223, 249 (5th Cir. 2002). Under a harmless-error analysis, we ask (1) whether the district court in fact varied from the procedures required by Rule 11 and, if so, (2) whether the variance affected the substantial rights of the defendant. *United States v. Carreon-Ibarra*, 673 F.3d 358, 364 (5th Cir. 2012).

Rule 11(b)(2) requires a district court to "address the defendant personally in open court and determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement)." The district court in this case ensured that Buck-Soltero's plea did not result from force or threats, but it failed to inquire whether his plea

was made based on any extra-plea-agreement promises. Thus, we must proceed to the second prong of the harmless-error analysis.

In determining whether a variance from Rule 11 affected a defendant's substantial rights, we examine any portion of the record that may inform the issue, *see United States v. Vonn*, 535 U.S. 55, 74-76 (2002), and our "focus is on whether the defendant's knowledge and comprehension of the full and correct information would have been likely to affect his willingness to plead guilty." *Carreon-Ibarra*, 673 F.3d at 365 (internal quotation marks and citation omitted). The record shows that defense counsel may have erroneously believed that Buck-Soltero would be eligible for a safety-valve reduction but it does not, as Buck-Soltero argues, support an inference that counsel promised Buck-Soltero such a reduction or that Buck-Soltero pleaded guilty in reliance on such a promise. Moreover, when confronted at sentencing with the fact that he was not eligible for a safety-valve reduction, Buck-Soltero did not move to withdraw his plea and instead merely requested more time so that counsel could perhaps find another way to have his sentence reduced. On this record, we conclude that the district court's failure to comply strictly with Rule 11(b)(2) was not harmful. *See Carreon-Ibarra*, 673 F.3d at 365.

We note that the written judgment contains a typographical error that is inconsistent with the district court's oral pronouncement of Buck-Soltero's sentence, and we therefore instruct the district court to modify the written judgment to reflect that a five-year term of supervised release was imposed. *See United States v. Torres-Aguilar*, 352 F.3d 934, 935 (5th Cir. 2003) (when oral sentence and written judgment conflict, oral sentence controls). The judgment of the district court, as MODIFIED, is AFFIRMED.