# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
March 12, 2020

Lyle W. Cayce
Clerk

No. 19-30594
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ELVIN SHEPHERD, also known as Pie,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:18-CR-27-3

Before WIENER, COSTA, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Defendant-Appellant Elvin Shepherd was sentenced to 120 months of imprisonment and five years of supervised release after he pleaded guilty, pursuant to a plea agreement, to conspiracy to distribute and to possess with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine. Shepherd insists that the district court erred by accepting his plea because it was not intelligent and voluntary.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-30594

He contends that problems at his plea hearing demonstrate that he was equivocal about the amount of methamphetamine attributed to him and that he could not understand why he was subject to a mandatory minimum sentence of 10 years.

We ordinarily review the validity of a guilty plea de novo. *United States v. Washington*, 480 F.3d 309, 315 (5th Cir. 2007). Shepherd made no objections that could be construed as a contention that his guilty plea was unknowing and involuntary, and he did not move to withdraw his plea. Neither was his statement at sentencing about drug quantity directed toward his guilty plea. Our review is therefore limited to plain error. *See United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013); *United States v. Vonn*, 535 U.S. 55, 58-59 (2002). To show plain error, a defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009).

A guilty plea involves the waiver of constitutional rights, so it must be entered voluntarily and knowingly. *Brady v. United States*, 397 U.S. 742, 748 (1970). The defendant must also have a "full understanding of what the plea connotes and of its consequence." *Boykin v. Alabama*, 395 U.S. 238, 244 (1969). Rule 11 requires the district court to inform the defendant of, and determine that he understands, "any maximum possible penalty, including imprisonment, fine, and term of supervised release" and "any mandatory minimum penalty." FED. R. CRIM. P. 11(b)(1)(H) and (I). The district court commits Rule 11 error if it fails properly to admonish the defendant regarding the applicable statutory minimum sentence because such failure prevents the defendant from understanding the nature of the charges and the direct consequences of his plea. *United States v. Carreon-Ibarra*, 673 F.3d 358, 364 (5th Cir. 2012). A plea is voluntary if the defendant has made a voluntary and

No. 19-30594

intelligent choice among the alternative courses of action available to him. *Washington*, 480 F.3d at 315.

Shepherd does not claim that the district court failed to inform him of the statutory minimum and maximum sentence. Rather, he contends that his equivocations at the plea hearing demonstrate that he did not understand what the magistrate judge was telling him, even though he specifically stated that he did understand. The plea agreement and affidavit which Shepherd signed expressly stated that Shepherd understood and agreed that the punishment was a term of imprisonment of not less than 10 years nor more than life, and the amended stipulated factual basis he agreed to and signed stated that he "obtained and redistributed 784 grams of a substance containing a detectable amount [of] methamphetamine." The magistrate judge reviewed these documents with Shepherd and confirmed that he understood the penalty. Shepherd's "solemn declarations in open court carry a strong presumption of verity." *United States v. Lampazianie*, 251 F.3d 519, 524 (5th Cir. 2001) (internal quotations and brackets omitted), *quoting Blackledge v. Allison*, 431 U.S. 63, 74 (1977).

Each time Shepherd expressed some dissatisfaction or confusion, the magistrate judge gave him time to consult with counsel and, when the hearing resumed, the magistrate judge questioned Shepherd to determine that he understood and wanted to proceed with his plea of guilty. "When, as here, a defendant equivocates about a plea, the district court may accept the plea if, after sufficient time to consult with counsel, the defendant announces he is ready to plead guilty and his waiver is knowing and voluntary." *Washington*, 480 F.3d at 315. Contrary to Shepherd's assertion that this shows that his plea was not knowing and voluntary, the magistrate judge's actions and the record demonstrate that Shepherd repeatedly confirmed, after consultation

3

with his attorney, that he understood the consequences of his plea and wanted to plead guilty. Shepherd "faced a difficult decision, but with the assistance of counsel, he voluntarily resolved to plead guilty." *Id.* at 316. Shepherd has failed to show that his guilty plea was unknowing and involuntary or that the district court plainly erred in accepting his guilty plea. *See Washington*, 480 F.3d at 315-16; *Alvarado-Casas*, 715 F.3d at 953.

AFFIRMED.