**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 22-4475**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

ANTHONY KANDALEPAS,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk.  Roderick Charles Young, District Judge.  (2:21-cr-00136-RCY-RJK-1)

_____

Submitted:  May 14, 2024                         Decided:  June 21, 2024

_____

Before WILKINSON, NIEMEYER, and RUSHING, Circuit Judges.

_____

Dismissed in part and affirmed in part by unpublished per curiam opinion.

_____

**ON BRIEF:**  Geremy C. Kamens, Federal Public Defender, Frances H. Pratt, Keith Loren Kimball, Assistant Federal Public Defenders, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant.  Elizabeth Marie Yusi, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Anthony Kandalepas pled guilty, pursuant to a written plea agreement, to transportation of a visual depiction of a minor engaging in sexually explicit conduct, in violation of 18 U.S.C. § 2252(a)(1).  The district court sentenced him to a term of 210 months' imprisonment, to be followed by 15 years of supervised release.  On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether the magistrate judge plainly erred by accepting Kandalepas' guilty plea.  Although notified of his right to do so, Kandalepas has not filed a pro se supplemental brief.  The Government has moved to dismiss the appeal as barred by Kandalepas' waiver of the right to appeal included in the plea agreement.  We dismiss in part and affirm in part.

An appeal waiver does not prevent us from reviewing the validity of Kandalepas' guilty plea.  *See United States v. McCoy*, 895 F.3d 358, 364 (4th Cir. 2018) (analyzing validity of Rule 11 hearing despite waiver); *United States v. Carreon-Ibarra*, 673 F.3d 358, 362-63 & 362 n.3 (5th Cir. 2012) (finding appeal waiver did not preclude consideration of alleged Rule 11 violation).  Because Kandalepas did not move to withdraw his plea or otherwise object to the plea hearing in the district court, we review the validity of his plea for plain error.  *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014).  "Under the plain error standard, [we] will correct an unpreserved error if (1) an error was made; (2) the error is plain; (3) the error affects substantial rights; and (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings."  *United States v. Harris*, 890 F.3d 480, 491 (4th Cir. 2018) (internal quotation marks omitted).  "In the Rule 11

2

context, this inquiry means that [the defendant] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Sanya*, 774 F.3d at 816 (internal quotation marks omitted).

A guilty plea is valid if the defendant knowingly, voluntarily, and intelligently pleads guilty "with sufficient awareness of the relevant circumstances and likely consequences." *United States v. Fisher*, 711 F.3d 460, 464 (4th Cir. 2013) (internal quotation marks omitted). Before accepting a guilty plea, the district court must conduct a plea colloquy in which it informs the defendant of, and determines he understands, the rights he is relinquishing by pleading guilty, the charges to which he is pleading, and the maximum and any mandatory minimum penalties he faces. Fed. R. Crim. P. 11(b)(1). The court also must ensure that the plea is voluntary and not the result of threats, force, or promises not contained in the plea agreement, Fed. R. Crim. P. 11(b)(2), and that there is a factual basis for the plea, Fed. R. Crim. P. 11(b)(3). Any variance from the requirements of Rule 11 "is harmless error if it does not affect substantial rights." Fed. R. Crim. P. 11(h).

*Anders* counsel questions whether Kandalepas knowingly entered his guilty plea, emphasizing that the magistrate judge did not specifically advise him that his right to counsel extended to every stage of the criminal proceeding and that, if necessary, counsel would be appointed. *Cf.* Fed. R. Crim. P. 11(b)(1)(D). However, as *Anders* counsel concedes, this omission did not affect Kandalepas' substantial rights, as he has been represented by appointed counsel throughout the proceedings. Moreover, our review of the record confirms that the magistrate judge substantially complied with Rule 11 and

3

ensured that Kandalepas' plea was knowing, voluntary, and supported by an adequate factual basis. We therefore conclude that Kandalepas' guilty plea is valid.

Our review of the record further confirms that Kandalepas knowingly, voluntarily, and intelligently waived his right to appeal and, thus, that the appeal waiver is valid and enforceable. *See United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021) (explaining that "we will enforce [a] waiver" as to any issue within its scope if "the totality of the circumstances" reflect that the defendant entered into the waiver "knowingly and intelligently" (internal quotation marks omitted)). In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal outside the scope of Kandalepas' valid appeal waiver. We therefore grant the Government's motion to dismiss in part and dismiss the appeal as to all issues covered by the waiver. We otherwise affirm.

This court requires that counsel inform Kandalepas, in writing, of the right to petition the Supreme Court of the United States for further review. If Kandalepas requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Kandalepas. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED IN PART,*
*AFFIRMED IN PART*

4