# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
September 9, 2024

Lyle W. Cayce
Clerk

No. 23-20132

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JONATHAN TAREK NASSAR,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CR-281-1

_____

Before JONES, WILLETT, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:[*]

Defendant Jonathan Tarek Nassar challenges the validity of his guilty plea for bank fraud. Although the district court deviated from the requirements of Rule 11 during rearraignment, the record shows that Nassar understood the substance of Rule 11 and intended to plead guilty. Because any technical Rule 11 violation is not reversible error, we AFFIRM.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

## I.

Nassar pled guilty to one count of bank fraud under 18 U.S.C. § 1344 pursuant to a written plea agreement.  Nassar's plea agreement explained his rights and the rights he was waiving.  He and his attorney represented that the agreement was entered knowingly and voluntarily.  Based on the plea agreement, Nassar was rearraigned by the district court and was found guilty.  The rearraignment was cursory and did not apprise Nassar of several of the rights he was waiving.

Following the rearraignment, a presentence report (PSR) was issued referencing Nassar's plea agreement and his entry of a guilty plea before the district court.  The PSR was disclosed to Nassar and his counsel, whose sole objection related to one paragraph of the PSR regarding the monetary loss experienced by one victim.  During sentencing before a different district court, Nassar represented that he had reviewed the PSR.  Nassar objected to the PSR's monetary loss calculation, his time served attributable to a different sentence, and the sentence recommendation.  During sentencing, Nassar took responsibility for his crime.  His attorney referenced the plea agreement and previous guilty plea while arguing for a downward adjustment in sentencing.  The court sentenced Nassar to a 72-month term of imprisonment and three years of supervised release within the guidelines range in the PSR.  Nassar asserts for the first time on appeal that his plea was not knowing and voluntary because the district court did not properly admonish him of his rights during rearraignment pursuant to Rule 11.

## II.

Rule 11 requires that a judge "address the defendant personally in open court" and "ensures that a guilty plea is knowing and voluntary by requiring the district court to follow certain procedures before accepting such a plea." Fed. R. Crim. P. 11(b)(1); *United States v. Omigie*, 977 F.3d 397,

402 (5th Cir. 2020) (citation omitted).  Both Nassar and the government agree that the district court committed Rule 11 error when it did not "(1) advise[] Nassar of his right to plead not guilty or to persist in such a plea; (2) advise him of the rights he was waiving by pleading guilty; (3) explain the court's sentencing obligations, including operation of the Sentencing Guidelines; (4) ascertain that the guilty plea was voluntary and not the product of threats, coercion, or promises outside the plea agreement; or (5) ensure that there was a factual basis for the plea."  Furthermore, the parties agree that the district court did not accurately describe the scope of Nassar's appeal waiver and did not ask Nassar if he was pleading guilty but instead "found" Nassar guilty.  Based on these deficiencies, Nassar seeks to vacate his plea agreement.[1]

Because Nassar did not raise a Rule 11 objection in the district court, the plea colloquy is reviewed for plain error.  *Omigie*, 977 F.3d at 402.  To prevail, Nassar must demonstrate "(1) an error (2) that is clear or obvious and that (3) affected [his] substantial rights."  *Id.* (internal quotation marks and citation omitted).  To show that an error affected his substantial rights, Nassar must establish that there is a "reasonable probability that, but for the error, he would not have entered the plea."  *United States v. Dominguez Benitez*, 542 U.S. 74, 76, 124 S. Ct. 2333, 2336 (2004).  Review of "the entire record" must establish that "the probability of a different result is sufficient to undermine confidence in the outcome of the proceeding."  *Id.* at 83 (internal quotation marks and citations omitted).  If the first three prongs are satisfied, the court has the discretion to remedy the error only if the error

---

[1] Although the plea agreement included a waiver of appeal provision, it cannot be enforced to bar a claim that "the plea agreement of which it was a part" was unknowing or involuntary based on Rule 11 error.  *See United States v. Carreon-Ibarra*, 673 F.3d 358, 362 n.3 (5th Cir. 2012) (citation omitted).

"seriously affects the fairness, integrity or public reputation of judicial proceedings." *Omigie*, 977 F.3d at 402 (citation omitted).

## III.

Nassar contends and the government concedes that the first two prongs necessary to demonstrate reversible error are satisfied. Accepting that the district court's omissions during the plea colloquy constitute clear error, Nassar makes no attempt to "meaningfully address" whether the error affected his substantial rights. *See United States v. Green*, 47 F.4th 279, 289 (5th Cir. 2022). Nassar makes the conclusory statement that the "error affected his substantial rights" and the equivocal and unsupported assertion that if he "had been advised at rearraignment of the rights he was waiving, it cannot be said that he would have entered into a plea agreement."

These assertions do not establish that the district court's Rule 11 error affected Nassar's substantial rights. A defendant's assertion of "only a theoretical possibility" that a Rule 11 error affected his plea is "inadequate to show plain error." *Omigie*, 977 F.3d at 403 (citation omitted). Nassar does not point to record evidence that the Rule 11 errors "affected his plea decision." *See United States v. Molina*, 469 F.3d 408, 412 (5th Cir. 2006). Nassar does not "point to record evidence that he was prepared and willing to go to trial." *See United States v. Alvarardo-Casas,* 715 F.3d 945, 954 (5th Cir. 2013) (citation omitted). Nassar points to no evidence in support of an argument that, but for the Rule 11 error, he would not have pled guilty. *See Dominguez Benitez*, 542 U.S. at 83, 124 S. Ct. at 2340. Nassar's assertions are thus inadequate to show reversible error.

Instead, the signed plea agreement, PSR, and in-court colloquy during rearraignment and sentencing refute Nassar's claim that his plea was not knowing and voluntary and reflect his clear intent to plead guilty. *Id.* at 84-85, 124 S. Ct. at 2341; *Omigie*, 977 F.3d at 402-03; *United States v. Cuevas-*

*Andrade*, 232 F.3d 440, 444-46 (5th Cir. 2000) (seven independent Rule 11 errors was not reversible error because the record showed they did not affect the defendant's decision to plead guilty).

First, the district court did not advise Nassar of his right to plead not guilty or to persist in that plea. *See* Fed. R. Crim. P. 11(b)(1)(B). But the plea agreement stated that "[i]f Defendant persisted in a plea of not guilty to the charges, Defendant would have the right to a speedy jury trial with the assistance of counsel" or a "trial conducted by a judge sitting without a jury if the Defendant, the United States, and the court all agree." Nassar signed an addendum to the plea agreement stating: "I have consulted with my attorney and fully understand all my rights with respect to the indictment pending against me." Defendant's attorney affirmed in the plea agreement that she "fully explained to Defendant his rights with respect to the pending indictment" and "carefully reviewed every part of this plea agreement with Defendant." The plea agreement's specific description of Nassar's trial rights, understood by him and explained to him by his attorney, belie the notion that an additional "warning from the bench could have mattered[.]" *See Dominguez Benitez*, 542 U.S. at 85, 124 S. Ct. at 2341; *see also Cuevas-Andrade*, 232 F.3d at 445. This Rule 11 violation is not reversible error.

Second, Nassar argues that the court did not advise him of the rights he was waiving by pleading guilty. *See* Fed. R. Crim. P. 11(b)(1)(F). The court did not advise Nassar pursuant to Rule 11 of his additional right (1) to a jury trial; (2) to be represented by counsel; and (3) at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses. *See* Fed. R. Crim. P. 11(b)(1)(C) — (E).

Regardless, Nassar acknowledged that by entering the plea agreement he was "waiving any right to have the facts that the law makes essential to

the punishment either charged in the information, or proved to a jury or proven beyond a reasonable doubt." The agreement states that if Nassar pled not guilty, he "would have the right to a speedy jury trial with the assistance of counsel." The agreement also apprised Nassar of his right to confront and cross-examine adverse witnesses, rely on the privilege against self-incrimination, testify on his own behalf, and compel the attendance of witnesses. Because the record establishes Nassar's understanding of these Rule 11 rights, their omission during the plea colloquy is not reversible error.

Third, the court failed to explain the operation of the Sentencing Guidelines, the obligation that the court consider the Guidelines, or the authority of the court to depart from the Guidelines in certain circumstances. *See* Fed. R. Crim. P. 11(b)(1)(M). Nassar's plea agreement, however, contained a "full explanation" of the meaning and effect of the sentencing guidelines. *See Cuevas-Andrade*, 232 F.3d at 444-45. Nassar signed an addendum affirming that his attorney explained his rights with respect to the sentencing guidelines and that he understood his related rights. Furthermore, the court "did not depart upward from the guidelines," and the sentence is well below the statutory maximum the court informed Nassar of during rearraignment. *See id.* These omissions are not reversible error.

Fourth, the district court did not ascertain that the guilty plea was voluntary and did not result from force, threats, or promises (other than promises in the plea agreement). *See* Fed. R. Crim. P. 11(b)(2). While the court did not directly address the voluntariness of the plea agreement, the agreement provides and Nassar affirmed that the "[d]efendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty." *See Cuevas-Andrade*, 232 F.3d at 445. Nassar's attorney confirmed that, to her knowledge, the decision to enter into the agreement was voluntary in a signed addendum to the plea

agreement. And no allegation is made that the plea was involuntary. *Id.* This Rule 11 error is not reversible error.

Fifth, the court did not ensure that a factual basis for the plea exists. *See* Fed. R. Crim. P. 11(b)(3). The factual basis for the plea itself, however, is not challenged. Indeed, Nassar signed the plea agreement wherein he stipulated to having committed the facts of the offense. The PSR includes an unchallenged factual basis for the plea. *See Omigie*, 977 F.3d at 403. Nassar agreed with the court's brief description of bank fraud during rearraignment and accepted responsibility for the crime during sentencing. On this record, there is no reasonable probability that the failure to conduct an in-court determination of the factual basis for the plea, given the admitted existence of a factual basis, would have led to a different outcome. *See Dominguez Benitez*, 542 U.S. at 85, 124 S. Ct. at 2341.

Sixth, the district court misrepresented the scope of Nassar's appeal waiver. *See* Fed. R. Crim. P. 11(b)(1)(N). In the plea agreement, Nassar waived the right to appeal or collaterally attack his conviction in all cases except for a claim of ineffective assistance of counsel. During the plea colloquy, the district court asked if Nassar agreed to "give up [his] right to appeal and give up [his] right to collaterally attack" without reference to the limited exception to the waiver. Although the court's description of the appeal waiver was inaccurate, the record illustrates Nassar's understanding of the actual scope of the waiver. The plea agreement identified the proper scope of the waiver. The PSR reviewed by Nassar states that he "waived his right to appeal his conviction or sentence except for ineffective assistance of counsel on direct appeal." *See Omigie*, 977 F.3d at 403. And the court's failure to inform Nassar of the additional avenues for appeal he retained did not affect his substantial rights. Because the court's assertion of the defendant's categorical appeal waiver was accepted during the Rule 11 colloquy through sentencing, there is no reasonable probability that an

accurate description of Nassar's less than categorical appeal waiver would have changed the resulting plea.

Seventh, the court did not ask Nassar if he was pleading guilty but "found" him guilty. This error did not affect Nassar's substantial rights because the record illustrates his clear intent to plead guilty in accordance with the plea agreement. Nassar's signed plea agreement states that the "Defendant agrees to plead guilty . . . ." At rearraignment, Nassar said that he understood his guilty plea. Nassar did not challenge the government's assertion during rearraignment that the "defendant agrees . . . to plead guilty to [the] first count[.]" Nassar and his attorney reviewed the PSR and did not challenge the claim that "[t]he Court accepted defendant's plea of guilty." *See Omigie*, 977 F.3d at 403. At the sentencing hearing, Nassar's attorney referenced the "plea of guilty to the Court." The record shows that both before and after rearraignment, the defendant intended to enter and be bound by the plea agreement.

Individually, each Rule 11 omission is an error, but none affected his substantial rights. Nassar argues, however, that the cumulative effect of the omissions is "sufficiently egregious" to constitute reversible error. Nassar relies on this circuit's unpublished opinion in *United States v. Dolic* to support his claim. In *Dolic*, a Rule 11 violation constituted reversible error only after the district court at the plea colloquy misrepresented the sentencing range that the defendant faced. 439 F. App'x. 425, 428 (5th Cir. 2011).[2] Unlike the affirmative misrepresentation in *Dolic*, here the district court's Rule 11 errors stem entirely from omissions. Absent a similar misrepresentation, there is not a similar probability of a different result sufficient to constitute reversible error. *See Dominguez Benitez*, 542 U.S. at 85, 124 S. Ct. at 2341.

---

[2] This court is not bound by "unpublished" non-precedential opinions.

To be sure, the litany of Rule 11 errors in *Dolic* parallels the litany of Rule 11 errors in this case. But no evidence suggests that the confluence of Rule 11 errors here actually affected Nassar's plea. *See Cuevas-Andrade*, 232 F.3d at 445. Instead, the record is rife with confirmation that, notwithstanding Rule 11 error, Nassar knowingly and voluntarily pled guilty in accordance with the plea agreement.

The record "show[s] that the Rule 11 error made no difference to the outcome here." *See Dominguez Benitez*, 542 U.S. at 85, 124 S. Ct. at 2341. As a result, the district court's judgment is AFFIRMED.