# United States Court of Appeals for the Fifth Circuit

---

No. 24-40824
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 18, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Patricia McClendon,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:22-CR-26-4

---

Before Barksdale, Graves, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Patricia McClendon pleaded guilty, pursuant to a plea agreement, to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343 and 1349. The district court sentenced her to, *inter alia*, 15-months' imprisonment, and imposed $143,642 in restitution, which represented the amount of a loan fraudulently obtained from the Paycheck Protection Program and Economic

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40824

Injury Disaster Loan program. McClendon contends the court erred by failing to inform her of the nature of the charge, in violation of Federal Rule of Criminal Procedure 11(b)(1)(G). In the alternative, she contends the court erred by: imposing a sentence in excess of the statutory maximum by erroneously calculating the restitution amount. (In the further alternative, she claims a clerical error in the judgment for failure to list the restitution payee. This contention is totally without merit. The judgment identifies the restitution payee.)

Regarding the plea agreement, McClendon maintains it was not made knowingly or voluntarily because she did not understand the nature of the charge to which she was pleading guilty. In particular, she cites a seventh circuit case for the proposition that there is a temporal element to the crime of conspiracy; and, had she understood this element, she would not have pleaded guilty. *See United States v. Salgado*, 519 F.3d 411, 415 (7th Cir. 2008) ("The crime of conspiracy is committed, or not, *before* the substantive crime begins." (emphasis added)). She asserts that she did not become aware of the false statements used to obtain the loan until after the loan application had been submitted.

Although McClendon's plea agreement contained an appeal waiver, it does not preclude her challenge to the knowing and voluntary nature of her agreement. *E.g.*, *United States v. Carreon-Ibarra*, 673 F.3d 358, 362 n.3 (5th Cir. 2012). She, however, did not preserve this issue in district court (as she also concedes). Because this issue was not preserved in district court, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, McClendon must show a plain error (clear-or-obvious error, rather than one subject to reasonable dispute) that affected her substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). In this

2

context, an error is plain if it is "so clear or obvious that the trial judge and prosecutor were derelict in countenancing it". *United States v. Trejo*, 610 F.3d 308, 319 (5th Cir. 2010). If she makes that showing, we have the discretion to correct the reversible plain error, but generally should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Puckett*, 556 U.S. at 135 (citation omitted).

Under Federal Rule of Criminal Procedure 11, the record must reflect, *inter alia*, that defendant understands the nature of the charge. Fed. R. Crim. P. 11(b)(1)(G). To satisfy this mandate, the "court must have a colloquy with the defendant that would lead a reasonable person to believe that the defendant understood the nature of the charge". *United States v. Reyes*, 300 F.3d 555, 559 (5th Cir. 2002) (citation omitted). A claimed Rule 11 error is not clear or obvious if it depends on an interpretation of the elements of the offense that "is not compelled by the plain language of the statute or a binding judicial construction of it". *United States v. Alvarado-Casas*, 715 F.3d 945, 951–53 (5th Cir. 2013) (quote at 952).

McClendon has not cited any controlling authority that the court was required to inform her, as part of the nature of her charge, that in order to conspire, one must have agreed to the criminal conduct before it took place. Accordingly, she has not shown the requisite clear-or-obvious error. *See Puckett*, 556 U.S. at 135; *Alvarado-Casas*, 715 F.3d at 951–53.

McClendon's restitution challenge is barred by the appeal waiver because the issue is premised on the court's method of calculation, rather than its failure to conduct a proximate-cause analysis. *E.g.*, *United States v. West*, 137 F.4th 395, 401 (5th Cir. 2025) ("[A]n appeal waiver . . . applies if the defendant's argument is that there was a calculation error, but not if the

No. 24-40824

district court failed to conduct the mandatory proximate-case analysis altogether.").

AFFIRMED.